**Jesse WILLARD, Petitioner,**

v.

**C. E. HARRIS, Warden of the U. S. Penitentiary, Leavenworth, Kansas, Respondent.**

**No. L-1711.**

United States District Court, D. Kansas.

July 12, 1971.

Robert J. Roth, U. S. Atty., Wichita, Kan., Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., for respondent.

## MEMORANDUM AND ORDER

TEMPLAR, District Judge.

Petitioner was heretofore granted leave to proceed in forma pauperis, his application for writ of habeas corpus was filed, and a Rule to Show Cause was issued under the Order of this court. The respondent has since filed his Answer and Return, petitioner has filed his Traverse. Upon examination of the documents so filed, together with the exhibits attached thereto, the court makes the following findings and order.

Petitioner originally designated Robert I. Moseley, Warden of the United States Penitentiary at Leavenworth, Kansas, as respondent herein. Warden Moseley has been succeeded by C. H. Harris, the present Warden. The court finds that C. E. Harris, Warden of the United States Penitentiary at Leavenworth, Kansas, should be substituted as respondent herein.

It appears that Willard is presently in the custody of the respondent Warden, by or under color of authority of the United States, by virtue of a sentence of twenty-five years, imposed upon him by the United States District Court for the Central District of California, upon his conviction of armed robbery of a federal credit union in violation of 18 U.S.C. § 2113(a) and (d). The sentence was imposed on December 11, 1968. Willard is not attacking his federal sentence or conviction in this proceeding. It further appears that he is in custody of the respondent by or under color of authority of the State of California by virtue of an indeterminate sentence imposed upon him by the Superior Court of the State of California for the County of Los Angeles, upon his conviction of five counts of robbery in the first degree and two counts of attempted robbery. The sentence was imposed and later corrected as of March 26, 1969. It appears from the exhibits attached to the Answer and Return of the respondent, and it is not denied by Willard, that these concurrent indeterminate sentences amount to a minimum sentence of five years and a maximum sentence of life imprisonment. (Respondent's Exhibit A, letter from California Department of Corrections, dated July 7, 1970). The sentence is concurrent with the federal sentence which Willard is now serving. The California Director of Corrections has designated the Federal Bureau of Prisons as the place of concurrent service of the California sentence. California has lodged a detainer with the Bureau of Prisons, requesting that Willard be transferred to California's custody in the event that actual confinement under the federal sentence ends before the period of actual confinement required under the California sentence. It is the California conviction, sentence and detainer which Willard seeks to attack in this proceeding.

The grounds upon which Willard contends that he is being held in custody unlawfully were summarized in this court's earlier order as follows. Willard contends that the California detainer has not been properly executed and is being illegally enforced in violation of his constitutional rights; that the State of California lost jurisdiction by its failure to comply with Section 2900 of the California Penal Code; that the California sentencing judge failed to specify whether the sentence imposed was concurrent or consecutive, as required by Section 2900 of the California Penal Code, and that the California Department of Corrections therefor lacked jurisdiction to designate a place of detention or imprisonment; that the actions of the California Department of Correc-

tions in lodging the detainer was fraudulent; and Willard contends that he has exhausted the remedies available to him in the courts of California.

■ An application for habeas corpus by a person in custody pursuant to the judgment of a State court may be entertained in the federal courts only on the ground that the prisoner is in custody in violation of the Constitution, or of the laws or treaties of the United States. Willard contends that he is in custody in violation of the Constitution. Such an application may not be granted unless it appears that the applicant has exhausted the remedies available to him in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective. 28 U.S.C.A. § 2254(a) and (b). The record before this court indicates that Willard took a direct appeal from his conviction; he did not raise the matters which he here seeks to raise, before the California appellate court. His next proceeding in the California courts was an application for writ of habeas corpus in the sentencing court; respondent concedes that petitioner there raised the issues posed in the instant case. That application was denied by the court on March 1, 1971. Willard then filed a Notice of Appeal, and was notified by letter from the Clerk of the Superior Court that his Notice of Appeal was received, and was being placed in the file without further action since the denial of a petition is unappealable. (Petitioner's Traverse Exhibit "H"). Willard does not indicate that he has attempted to file applications for writs of habeas corpus with the California appellate courts, and respondent does not disclose to this court what procedures are available to Willard in the appellate courts. The court concludes that although Willard may not have exhausted all of his State court remedies, it will examine his application on its merits.

■ Willard's first contention— that the California detainer has not been properly executed and is being illegally enforced in violation of his constitutional rights—is a conclusional allegation, insufficient in law, and is unsupported by allegations of fact. It is legally insufficient and may be denied without a hearing. Martinez v. United States, 344 F.2d 325 (10th Cir. 1965) (per curiam); Ward v. Page, 424 F.2d 491 (10th Cir. 1970). He next contends that State of California lost jurisdiction by its failure to comply with Section 2900 of the California Penal Code, that the sentencing judge failed to specify whether the sentence imposed was concurrent or consecutive to the federal sentence, and that therefor the California Department of Corrections lacked jurisdiction to designate a place of detention or imprisonment. Section 2900 of the California Penal Code provides, in part, that in any case in which a prisoner of another jurisdiction is, before completion of actual confinement in a penal or correctional institution of a jurisdiction other than the State of California, sentenced by a California court, and the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving, that the Director of Corrections shall designate the institution of the other jurisdiction as the place for reception (and service of the sentence). Section 669 of the California Penal Code provides in pertinent part that upon failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently. In the instant case, there is nothing in the record submitted to this court to indicate that the California sentencing court specified whether the sentence then imposed was to be concurrent with or consecutive to the federal sentence. Thus, the California sentence becomes concurrent with the federal sentence, under California law. Ex parte Radovich, 61 Cal.App.2d 177, 142 P.2d 325 (3rd Dist., 1943). Since the sentence imposed is concurrent, the Direc-

tor of Corrections is authorized by statute to designate the institution where the California sentence will be served, and he has designated the California sentence be served in a federal institution, concurrently with the federal sentence, until Willard is released from federal custody. There is nothing in the record submitted to this court which indicates that the California Department of Corrections lacked jurisdiction, or that the failure of the sentencing judge to specify whether the sentence imposed was concurrent or consecutive is significant; to the contrary, California statutes provide that in the event of such an omission, the sentence will be concurrent. This contention raises no federal question; it involves only the construction of the State statutes. Willard is deprived of no Constitutional right by serving the sentences concurrently and not consecutively; and the designation of the place of service is not a matter over which this court has control.

Lastly, Willard contends that the actions of the California Department of Corrections in lodging the detainer was fraudulent. He states no facts upon which this contention is based, and thus it is conclusional and insufficient in law.

The Court is this day in receipt of a communication from petitioner in which he states that he has received "pertinent legal evidence" to "further support his allegations regarding the *Lost* of Jurisdiction by the State of California."

Again, the Court must note that this is a statement containing no facts upon which the Court could rely in determining the sufficiency of petitioner's claims. He asks the Court to take judicial notice of the facts expressed in his communication but he states no facts, he only refers *again* to "recently received evidence" which he wishes to "orally" show the Court. Such an assertion falls far short of supplying the Court with pleaded facts upon which a Court may consider petitioner's claim and furnishes no basis for further considering the matter.

This Court concludes that Willard is not in custody in violation of the Constitution, laws, or treaties of the United States; and that he is not entitled to the relief sought.

It is ordered that this action be dismissed. The clerk is directed to transmit copies of this Memorandum and Order to petitioner and to the United States Attorney for the District of Kansas.