**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Lee EASTMAN, Defendant-Appellant.**

No. 83–1226.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1984.

Decided Sept. 27, 1984.

Amended Opinion April 22, 1985.

Fred Morrison, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Donald E. Elkins, Provo, Utah, for defendant-appellant.

Before SCHROEDER and NORRIS, Circuit Judges, and STEPHENS, District Judge *.

## AMENDED OPINION

STEPHENS, Senior District Judge.

Eastman appeals from a district court order denying his motion to reduce his sentence under Federal Rule of Criminal Procedure 35. Appellant contends that the judge considered hearsay in denying his motion and failed to fully consider his arguments at the hearing of the motion. There is no showing that the judge abused his discretion in denying the motion under Rule 35(b).

Gerald Eastman pled guilty to one count of violation of 18 U.S.C. § 2314, transportation of stolen monies known to be taken by fraud, and to two counts of violation of 15 U.S.C. § 77q, fraudulent interstate transactions. He had entered into a plea agreement with the government dated July 15, 1982. It provided for the guilty pleas and obligated Eastman to cooperate completely in pending federal criminal investigations. The agreement required the Assistant United States Attorney to recommend that the

judge sentence Eastman to not more than 18 months confinement on all counts. It further provided that the trial judge was not bound by the agreement.

On April 13, 1983, the judge sentenced Eastman to five years imprisonment on one count of 15 U.S.C. § 77q, the maximum sentence provided by law for that count, and suspended the imposition of sentence and provided for five year probationary terms on each of the remaining counts to run concurrently and to commence upon defendant's release from custody on the 15 U.S.C. § 77q violation. The judge ordered that the sentence was to commence and to run consecutively to a California state sentence that had not yet been imposed.

On August 12, 1983, Eastman filed a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35. This motion raised no question concerning the conduct of the sentencing hearing, the matters then taken into consideration or the sentence itself. At the sentencing hearing and at the Rule 35 hearing, the judge considered Eastman's expectation of leniency because of his commitments to aid the government as outlined in the plea agreement. It was abundantly clear that the judge did not accept the plea agreement. However, Eastman indicated his intention to abide by it, clearly hoping that this would be a consideration in favor of leniency. The judge also took into consideration the threat to Eastman's personal safety while in prison, and the hardships of his wife and children.

At the Rule 35 hearing, Eastman relied not only upon his commitments contained in the plea agreement to help the government in a variety of ways, but also upon his performance of these commitments. However, through no fault of his own, one major commitment to testify in aid of the government could not be shown because the case had been continued beyond the date of the Rule 35 hearing and Eastman had not been called upon to testify. So

---

\* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

while the judge considered all matters of cooperation which came before him, there was little more in the way of actual proof of that cooperation to consider than what had already been considered at the sentencing hearing.

At the Rule 35 hearing the judge injected a new consideration which had come to his attention after sentence had been imposed. He received information that Eastman had been in Canada one week before sentencing and, while there, he had passed $314,000 worth of bad checks, and had received $170,000 from this activity. Having listened to arguments from counsel for both the government and Eastman, the judge invited both counsel to respond to this information. The Assistant United States Attorney did not comment on the matter except to state that any recommendation of leniency made by his office was on the basis of a plea agreement. Eastman's counsel requested that the judge consider the motion without regard for what might or might not turn out to be a criminal investigation in another country. The judge denied the motion. Eastman now appeals the order denying the motion under 28 U.S.C. § 1291, contending that the judge should have decided the Rule 35 motion without reference to hearsay information not presented as part of Eastman's argument.

■ A motion brought under Rule 35(b) is a plea to the sentencing court for leniency, allowing the district court to decide whether, "on further reflection, the original sentence now seems unduly harsh." *United States v. Smith*, 650 F.2d 206, 208 (9th Cir., 1981), quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir., 1973). The motion is addressed to the discretion of the sentencing court. *United States v. Krueger*, 454 F.2d 1154 (9th Cir., 1972).

■ A hearing on a motion for leniency under Rule 35(b) is not required, and a refusal to hold a hearing is not an abuse of discretion by the judge. *United States v. Krueger*, supra. The judge allowed both counsel in this case to argue the motion

before inquiring about the Canadian matter. The fact that consideration of the Canadian situation may have entered into his decision to deny the motion, even if the information he had received was hearsay, does not constitute an abuse of discretion in denying the motion under Rule 35(b). However, this does not dispose of the question presented by a federal sentence that provides a commencement date after the service of a state sentence not yet imposed.

■ The sentence that the District Court imposed in this case reads, in part:

"It is ordered that the sentence is to run consecutive to any sentence that the defendant receives from the State of California."

Although previously convicted, Eastman had not yet received a sentence in state court. When the District Judge imposed a federal sentence to run consecutively to a state sentence which had yet to be imposed, it was an exercise of authority which belonged exclusively to the Attorney General.

18 U.S.C. § 4082(a) provides:

"A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served."

After sentencing in federal court, Eastman was apparently taken by the United States Marshal to the place designated by the Attorney General for service of his federal sentence. Eastman then commenced the service of his federal sentence under 18 U.S.C. § 3568, which provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence....

\*     \*     \*     \*     \*     \*

No sentence shall prescribe any other method of computing the term."

For the sentence given Eastman in the federal court to be enforceable, it would have been necessary for Eastman to be in state custody to serve the California sentence first. The District Judge must commit the defendant to the custody of the Attorney General who has the discretion to reconcile state-federal conflicts under § 4082. Within the context of the transfer of custody of a prisoner, "[i]n the federal system, the power and discretion to practice comity is vested in the Attorney General." *United States v. Warren,* 610 F.2d. 680, 685 (9th Cir., 1980), quoting *Ponzi v. Fessenden,* 258 U.S. 254, 261–262, 42 S.Ct. 309, 311, 66 L.Ed. 607 (1922).

The federal sentence as it now stands presents a conflict between federal and California law. California Penal Code § 669 provides that state judges have the express authority to impose sentences concurrently with or consecutively to federal sentences. If neither of these is specified in the sentence, it will be presumed to have been intended to run concurrently. See *Willard v. Harris,* 336 F.Supp. 1228 (D.C. Kan., 1971), affirmed at 454 F.2d 738 (10th Cir., 1972). The sentence that the District Court imposed upon Eastman, if given effect, would preempt the right of the state to apply its own laws on sentencing for violation of state criminal laws. Eastman would be deprived of the benefit of the liberal California law in that he would lose his chance to have the state sentence run concurrently with his federal sentence.

Federal Rule of Criminal Procedure 52(b) allows an appellate court to take notice of "plain errors or defects affecting substantial rights" although they are not brought to the attention of the court by the parties. The provision in the sentence noted as erroneous is prejudicial to Eastman's right to have a state court consider whether a state sentence should run concurrently with his federal sentence and, further, because it creates uncertainty and ambiguity which may in the future result in problems in calculation of service of his sentence. Eastman has a right to a clear, unambiguous sentence which he has not been accorded by the sentence as it now stands. See *Anderson v. United States,* 405 F.2d. 492 (10th Cir., 1969), *cert. denied* 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). *United States v. Thornton,* 710 F.2d. 513 (9th Cir., 1981) held that 18 U.S.C. § 3568 does not bar a district judge from imposing a federal sentence to run consecutively to a state sentence the defendant is serving. In *Thornton,* the language used by the district judge specified when the federal sentence should begin. This did not encroach upon the prerogatives of the Attorney General or the rights of the defendant. The instant case is therefore not in conflict with *Thornton.*

The case is remanded to permit the trial court to resentence Eastman in a manner in conformity with this opinion.