UNITED STATES of America, Plaintiff–Appellee,

v.

Joseph Dean CLAYTON, Defendant–Appellant.

No. 89–30361.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1990.

Decided March 6, 1991.

Lonnie F. Sparks, Spokane, Wash., for defendant-appellant.

Thomas O. Rice, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

Before SCHROEDER, FLETCHER and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Joseph Dean Clayton appeals his federal sentence for making false statements in the acquisition of a firearm and for firearm possession by a felon in violation of 18 U.S.C. §§ 922(a)(6) and 922(g). Clayton contends that the district court erred in directing that his federal sentence be served consecutively with a state sentence that had not yet been imposed. We reverse and remand.

## Jurisdiction

The district court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction by virtue of 28 U.S.C. § 1291. The appeal was timely pursuant to Fed.R.App.P. 4(b).

## Facts

On September 15, 1989, Clayton pled guilty in the Spokane Superior Court to second degree burglary and second degree robbery. On September 18, he pled guilty in federal district court to making false statements in the acquisition of a firearm and possession of a firearm by a felon. *See* 18 U.S.C. §§ 922(a)(6) & 922(g). On November 3, the federal court sentenced Clayton to a twenty-four month term of imprisonment and specified that the term run "consecutive to any state sentence." Clayton was then returned to the custody of the Spokane County Sheriff's Department. Three days later, the state court sentenced Clayton to a seventeen month term of imprisonment and directed that the sentence be served concurrently with the prior federal sentence. The United States Marshal released its detainer, however, and Clayton was transported to a Washington state penal institution to serve his state sentence. Clayton will be required to serve twenty-four months in federal prison following the state term.

## DISCUSSION

The narrow issue on appeal is whether a federal district judge may direct that a federal sentence be served consecutive to a state sentence not yet imposed. The question is one of law. Review is de novo.

*United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989).

18 U.S.C. § 3584(a) provides, in pertinent part, that "if a term of imprisonment is imposed on a defendant who is *already subject to an undischarged term of imprisonment,* the terms may run concurrently or consecutively." *Id.* (emphasis added). Section 3584(a) authorizes a district judge to specify that a federal sentence be served consecutive to a state sentence previously imposed. *See Wills,* 881 F.2d at 826 (9th Cir.1989). However, the limiting language of section 3584(a), coupled with supporting legislative history, indicates that Congress did not vest federal courts with the authority to impose a federal sentence to run consecutive to a state sentence that has not yet been imposed.

The "already subject to" language of section 3584(a) could conceivably be interpreted broadly to encompass those defendants found guilty of, but not yet sentenced for, a state offense. However, the legislative history of the section indicates that Congress contemplated only that federal sentencing be consecutive to state convictions for which the defendant was already sentenced. In discussing consecutive sentencing under section 3584(a), the legislative history refers to "a term of imprisonment imposed on a person *already serving* a prison term," "imposed *while the defendant is serving* another one," and "a person sentenced for a Federal offense who is *already serving* a term of imprisonment for a State offense." 1984 U.S.Code Cong. & Admin.News 3182, 3309–10 (emphasis added). Thus, as a matter of statutory construction, we interpret the "already subject to" provision of section 3584(a) as only granting federal courts the power to sentence consecutive to a previously imposed term of imprisonment. *Cf. Salley v. United States,* 786 F.2d 546, 550 (2d Cir.1986) (Newman, J., concurring) (section 3584(a) unambiguously precluded district court from specifying that sentence run consecutive to one not yet imposed).

That a federal court may not direct a federal sentence to be served consecutive

to a state sentence not yet imposed is also supported independently by precedent of this court. In *United States v. Eastman*, 758 F.2d 1315, 1317 (9th Cir.1985), we remanded such a sentence. As in the present case, the appellant had been convicted, but not yet sentenced, by the state court prior to the federal sentencing. Although the *Eastman* decision pre-dated the Crime Control Act, its reasoning remains persuasive. In particular, *Eastman*'s concerns with the infringement of state and defendant rights remain relevant despite changes in the sentencing laws.

*Eastman* noted that a federal court mandate that its sentence run consecutively with a yet to be imposed state sentence infringed on the right of the state to exercise its own sentencing prerogative. Such a sentence precluded the state from fulfilling its own interests by running the state sentence concurrently with the federal term. We found that the federal sentence, "if given effect, would preempt the right of the state to apply its own laws on sentencing for violation of state criminal laws." *Id.* at 1318. Such potential difficulties arising from dual sovereignty are best avoided if neither sovereign binds the sentencing discretion of the other. *Cf. Hawley v. United States*, 898 F.2d 1513, 1514 (11th Cir.1990) (federal court not bound by state sentence directed to run concurrent with federal sentence not yet imposed); *Pinaud v. James*, 851 F.2d 27, 30 (2nd Cir.1988) (same).

In *Eastman*, we also emphasized that a federal sentence directed to run consecutive to a state sentence not yet imposed infringes upon the rights of the defendant. We found such a sentence to be improper because it:

> is prejudicial to [the defendant's] right to have a state court consider whether a state sentence should run concurrently with his federal sentence, and further, because it creates uncertainty and ambiguity which may in the future result in problems in calculation of service of his sentence. [The defendant] has a right to a clear, unambiguous sentence.

758 F.2d at 1318 (citing *Anderson v. United States*, 405 F.2d 492 (10th Cir.), *cert.*

*denied*, 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969)); *see also Salley*, 786 F.2d at 548 (Newman, J., concurring) (such a sentencing practice belies the discretionary responsibilities of the sentencing authority).

Based upon both the limited authority conferred by section 3584(a) and the continued vitality of our reasoning in *Eastman*, we hold that a federal district court does not have the authority to direct that a federal sentence be served consecutive to a state sentence not yet imposed. We note, however, that had the district court delayed sentencing until the state sentence had been imposed, the court could have exercised discretion to impose a consecutive sentence. The case is remanded to permit the trial court to resentence Clayton.

REMANDED.