**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wilmer A. DAVIS, Defendant–Appellant.**

**No. 94–3739.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1996.

Decided Dec. 19, 1996.

Timothy M. O'Shea, Office of the U.S. Attorney, Madison, WI, for Plaintiff–Appellee.

David E. Sloan, Flores & Reyes, Waukesha, WI, for Defendant–Appellant.

Before FLAUM, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Although this appeal was not D.O.A., it died soon after it arrived at our door. If mootness means anything, it means in most cases that one cannot successfully appeal when a district judge has already given the relief sought in the court of appeals. That's the situation here, and the judgment in Wilmer Davis' case must be affirmed.

Davis was charged in a three-count indictment with distribution of crack cocaine on three separate occasions. Pursuant to a plea agreement, he entered a guilty plea to one of the counts and later appeared in court for sentencing following the preparation of a presentence report. The author of the presentence report recommended an upward departure from the sentencing guideline range of 70 to 87 months because Davis just narrowly dodged being tagged as a career offender (with a range of 188 to 235 months) under the guidelines. But the district judge agreed with Davis that an upward departure could not be ordered. The judge then imposed a sentence at the top end of the undisputed guideline range. So far so good.

Although things were going well for Davis at this point, a fly crept into the ointment because the judge thought a sentence consecutive to a bunch of Davis' state problems was in order. So after sentencing Davis to 87 months the judge ordered the term to be served "consecutive to any state sentence the defendant is now serving, or is yet to serve, given the pending revocation of multiple terms of state probation." The judge thought a consecutive sentence was appropriate because Davis sold crack cocaine (the count of conviction) while "awaiting sentencing for criminal offenses for the State of Wisconsin concerning narcotics, forgery, and third degree sexual assault." This reference was to pending probation revocation proceed-

ings on three charges scheduled in state court. When Davis appeared in federal court for sentencing he was there on a writ of habeas corpus ad prosequendum because he was in the physical custody of the State of Wisconsin on its probation matters. The state probation, in fact, had been revoked and Davis was waiting to be sentenced when he appeared in federal court. Davis objected to the imposition of the consecutive federal term and filed a notice of appeal.

After Davis finished his business in federal court he returned to the state circuit court for Dane County, Wisconsin, where he was sentenced to three 2-year terms of imprisonment on the state charges. The state court judge ordered the three state sentences to be served "consecutive to each other and consecutive to the federal sentence."

So, there was a predicament. Each court wanted the sentence it imposed to be served after the sentence imposed in the other jurisdiction. Obviously, this could not be. Something had to give—and it did. The federal judge relented and signed an order striking the consecutive component of Davis' sentence. His term, then, was 87 months beginning on the original sentencing date in federal court.

Davis' appeal, filed before the federal district court modified his sentence, sought review of the consecutive component of his term. The appeal raised an interesting question about the lawfulness of the federal term as originally announced because it was consecutive to a state term Davis was not, at the time, actually serving. But the issue is now water over the dam. Nothing good, and potentially something bad. could happen to Davis if we considered his appeal. Suppose, for example, we limited our review to the original sentence, agreed with Davis who urges a narrow reading of 18 U.S.C. § 3584(a) so as to limit consecutive sentencing authority to a second judge in chronological order, and thus vacated his term. On remand, because Davis is now clearly subject to an undischarged term of state sentence, the district court could impose a consecutive 87-month sentence. And that would put Davis right back in the soup he wanted to avoid when he filed his notice of appeal. So

as we see it, this appeal is moot. For Davis, it's best that he let this sleeping dog lie.

AFFIRMED.