142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America Plaintiff-Appellee.
v.
Charles A. KARLIN, Defendant-Appellant.
 No. 97-3366.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted Mar. 26, 1998.
Decided Mar. 27, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 86-CR-71 Thomas J. Curran, Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 The district court granted Charles A. Karlin's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, concluding that Karlin was denied his Sixth Amendment right to be present at a critical stage of his sentencing proceedings. At resentencing, the court imposed the same sentence that Karlin had originally received, despite his arguments that it was improper for his sentence to run consecutive to his state sentence because the state sentence was yet to be imposed at the time of his original sentencing. Karlin appeals his sentence and his attorney now seeks leave to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); see United States v. Tabb, 125 F.3d 583 (7th Cir.1997); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Karlin was given notice of his counsel's motion pursuant to Circuit Rule 51(a) and has filed a response. We grant the motion to withdraw and dismiss the appeal.
 
 
 2
 In August 1986, a jury found Charles A. Karlin guilty of Counts 1 and 7 of a seven count indictment. Count 1 was for dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1), and Count 7 was for possession of a firearm by a convicted felon, in violation of 18 App. U.S.C. § 1202(a)(1)[1]. He was sentenced to 5 years' imprisonment on Count 1 and 15 years' imprisonment without parole on Count 7, to run concurrent to each other. At his sentencing, the district court did not state on the record whether the federal sentence would run consecutive or concurrent to any yet to be imposed state sentence; however, the Judgment and Commitment Order stated that Karlin's federal sentence was to run consecutive to the yet to be imposed sentence for his state court conviction for burglary and aggravated battery, Karlin was subsequently sentenced by the state court to 16 years' imprisonment. On appeal, we affirmed his federal sentence. United States v. Karlin, 852 F.2d 968 (7th Cir.1988). Karlin filed a pro se motion to correct his sentence pursuant to 28 U.S.C. § 2255, which the district court granted. The court concluded that Karlin's consecutive sentence was imposed upon him after the conclusion of his sentencing hearing, thereby denying his constitutional right to be present at that critical stage of the proceedings. On resentencing, the district court imposed the same sentence Karlin had originally received and stated that the issue of whether it should run consecutive or concurrent to his state sentence was moot because the state sentence had already been served.
 
 
 3
 In his brief, counsel argues that the issues that Karlin could raise on appeal are that his sentence was improper because it was imposed in violation of the law, 18 U.S.C. § 3742(a), or in violation of Federal Rule of Criminal Procedure 32. Counsel first states that Karlin could argue that his sentence was illegal because it should have run concurrent to his already served state sentence due to the fact that his state sentence was yet to be imposed at the time of his original sentencing. See 18 U.S.C. § 3584(a). A federal circuit split exists over whether a district court has the discretion to impose a federal sentence to run consecutive to a yet to be imposed state sentence. Compare United States v. Clayton, 927 F.2d 491, 492-93 (9th Cir.1991) (district courts lack discretion to impose sentence consecutively to yet to be imposed state sentence where state court subsequently imposes state sentence to run concurrent to federal sentence), with United States v. Williams, 46 F.3d 57, 59 (10th Cir.1995) (district courts can impose sentence consecutively to yet to be imposed state sentence); United States v. Ballard, 6 F.3d 1502, 1510 (11th Cir.1993) (same); United States v. Brown, 920 F.2d 1212, 1217 (5th Cir.1991) (per curiam) (same); and Salley v. United States, 786 F.2d 546, 547-48 (2d Cir.1986) (same). This circuit has not weighed in on this issue, but this case does not require us to do so because Karlin's state sentence had already been imposed and served at the time of his resentencing.
 
 
 4
 Counsel argues that because Karlin's state sentence had already been imposed and served at the time of Karlin's resentencing in 1997, this claim is moot. Counsel further states that, pursuant to 18 U.S.C. § 3584, it was within the discretion of the district court to impose Karlin's federal sentence to run consecutive to his state sentence. When a sentence is vacated the entire sentencing package becomes unbundled and the judge is entitled to resentence the defendant " 'in order to effectuate the original sentencing intent." ' United States v. Smith, 103 F.3d 531, 533 (7th Cir.1996) (citing United States v. Shue, 825 F.2d 1111, 1113 (7th Cir.1987). cert. denied, 117 S.Ct. 1861 (1997). The record shows that it was the judge's intent at the original sentencing for Karlin's sentence to run consecutive to the state sentence and, further, that the sentencing court anticipated a more lengthy sentence from the state court. (R. 97, Resentencing Tr. at 38-39; Anders Br., App-3.) In United States v. Davis, 103 F.3d 48, 49 (7th Cir.1996), this court discussed the situation in which a federal sentence is vacated and remanded for resentencing because it was originally imposed to run consecutive to a yet to be imposed state sentence. We explained, in dicta, that on resentencing the district court would have the discretion to impose a consecutive sentence if the state sentence was undischarged. Id. This discussion is persuasive and, therefore, any appeal on the issue of whether it was improper to decline to impose a concurrent sentence would be frivolous.
 
 
 5
 Counsel next states that Karlin could argue on appeal that his sentence violated Federal Rule of Criminal Procedure 32. Counsel argues that the district court complied with all of the portions of Rule 32 that are relevant to resentencing. The Presentence Investigation Report had been read previously by the defendant and his counsel. At the resentencing, Karlin was given an opportunity to make a statement to the court, (R. 97, Resentencing Tr. at 35-37; Anders Br., App-3.), and was informed of his right to appeal, (R. 97, Resentencing Tr. at 46-47.). Accordingly, any claim that the resentencing court violated Rule 32 would be frivolous.
 
 
 6
 Karlin's response to his counsel's Anders brief does not alter our conclusion that an appeal in this case would be frivolous. Rather than directly challenging his resentencing. Karlin's arguments are based on his belief that the district court either improperly or without authority imposed a consecutive sentence at his original sentencing. However, once a sentence is vacated it nullifies the previously imposed sentence and at resentencing the district court is writing on a clean slate. United States v. Polland, 56 F.3d 776, 778 (7th Cir.1995). Karlin also argues that the district court should have corrected his original sentence under Federal Rules of Criminal Procedure 35 or 36, rather than resentence him. This issue should have been raised in an appeal of his § 2255 motion, rather than in an appeal of his resentencing. Further, these arguments would be unsuccessful because the district court has only seven days from the imposition of a sentence to correct the sentence pursuant to Rule 35(c), and Rule 36 is for clerical mistakes rather than intentional actions of the sentencing court.[2] The resentencing is the proceeding being challenged in this appeal, and the district court did not act improperly when it declined to impose Karlin's federal sentence to run concurrently to his already completed state sentence. To the extent that Karlin asserts that the district court should have construed his motion as one made pursuant to 28 U.S.C. § 2241, he is in the wrong court and would have to file such an action against his current custodian in the district where he is currently incarcerated.
 
 
 7
 Counsel's brief complies with the standards we announced in Wagner and Tabb. We agree with counsel that there are no nonfrivolous issues that Karlin could raise on appeal and, therefore, we GRANT the motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 This section was repealed in 1986 and the felon in possession crime is now recodified in 18 U.S.C. § 922
 
 
 [2]
 Additionally, when an orally pronounced sentence is ambiguous the judgment and commitment order may be used as evidence to determine the intended sentence. United States v. Daddino, 5 F.3d 262, 266 (7th Cir.1993)