UNITED STATES of America, Plaintiff—Appellee,

v.

Gaylon THIEFAULT, Defendant—Appellant.

No. 07–30249.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2008.[*]

Filed May 16, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Helen J. Brunner, Esq., Douglas B. Whalley, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Michael Craig Nance, Esq., Law Office of Michael Nance, Seattle, WA, for Defendant–Appellant.

Before: THOMPSON, BEA, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Gaylon Thiefault ("Thiefault") appeals the sentence imposed by the district court for his violation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing. Because the facts are known to the parties, we revisit them only as necessary.

 "Congress did not vest federal courts with the authority to impose a federal sentence to run consecutive to a state sentence that has not yet been imposed." *United States v. Clayton,* 927 F.2d 491, 492 (9th Cir.1991) (citing 18 U.S.C. § 3584(a)). The district court sentenced Thiefault to 37 months' imprisonment for his federal supervised release violation. At the time of his sentencing in district court, Thiefault was scheduled to be resentenced in Washington state court for an attempted rape conviction. The district court ordered Thiefault's 37–month sentence to run consecutively to the yet-to-be-imposed Washington state sentence. Under *Clayton,* the district court erred in so doing.

The government asserts the district court's sentencing error was harmless because, during the sentencing hearing, the district court orally stated the federal sentence should "run consecutive, *if possible,* to any state sentence." (emphasis added). We disagree. The district court's written sentencing order, which the district court verified as accurate, does not include the "if possible" condition relied on by the government to claim harmless error. Rather, the written sentencing order unconditionally directs the federal sentence to run consecutively to the yet-to-be-imposed state sentence. Thus, the district court's sentencing error was not harmless.

In light of the foregoing, we vacate the district court's sentence and remand for resentencing. *See Clayton,* 927 F.2d at 493.

**VACATED AND REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.