**Mark Michael JERVIS, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6905.**

United States Court of Appeals First Circuit.

Heard Sept. 11, 1967.

Decided Sept. 27, 1967.

Kathleen T. Ryan Dacey, Boston, Mass., by appointment of the Court, for appellant.

David M. Roseman, Asst. U. S. Atty., Boston, Mass., with whom Paul F. Markham, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The defendant, after conviction in the Massachusetts district court, but before sentencing, was arrested in California and charged with an offense allegedly committed after the federal conviction. He was returned here for sentencing, and sentenced for a period of years, "to commence immediately upon the defendant's discharge from custody in connection with the charge or charges now pending against said defendant in the State of California and upon completion of any prison sentence that the State of California may impose upon said defendant if he is convicted of said charge or charges."

The defendant contends that this is so indefinite a term that it violates due

process. We concur in the decision in Zerbst v. McPike, 5 Cir., 1938, 97 F.2d 253, and are not satisfied with defendant's attempt to distinguish it. See, also, Lamb v. Heritage, 5 Cir., 1962, 310 F.2d 71. The federal court had a clear right to recognize and accede to the state custody. See Lavoie v. United States, 1 Cir., 1961, 310 F.2d 117.

Affirmed.