Justice White,
with whom Justice Blackmun and Justice O’Connor join,
dissenting.
This case presents the question whether drug conspiracy convictions must be vacated on double jeopardy grounds in light of an additional conviction for engaging in a continuing criminal enterprise. I would grant certiorari to resolve the confusion that this question has caused among the Courts of Appeals.
Petitioner Carlos Fernandez was convicted on one count of conspiring to distribute and possess cocaine, 21 U. S. C. § 841(a)(1); one count of conspiring to import cocaine, § 952(a); one count of engaging in a continuing criminal enterprise (CCE), § 848; and five counts of using a telephone to facilitate a drug offense, § 843(b). On appeal, Fernandez argued that the District Court should have vacated his conspiracy convictions to prevent cumulative punishment since these were predicate offenses for his continuing criminal enterprise conviction. The Court of Appeals rejected Fernandez’ claim and affirmed. 916 F. 2d 125 (CA3 1990). As the court acknowledged, its holding is inconsistent with the decisions of other Courts of Appeals. Id., at 128-129. The majority to have considered the issue require the vacation of a drug conspiracy conviction when it is a predicate to a CCE conviction. See, e. g., United States v. Rivera, 900 F. 2d 1462, 1478 (CA10 1990); United States v. Hernandez-Escarsega, 886 F. 2d 1560, 1582 (CA9 1989); United States v. Possick, 849 F. 2d 332, 341 (CA8 1988). The Court of Appeals for the Second Circuit has adopted a somewhat different approach, “combining” the convictions without vacating those on the lesser counts and then imposing a single sentence. United States v. Aiello, 771 F. 2d 621, 632-635 (1985). Conversely, the Court of Appeals for the Seventh Circuit not only permits predicate conspiracy convictions to stand, but goes beyond the Third Circuit in letting stand concurrent sentences. United States v. Bond, 847 F. 2d 1233, 1238-1239 (1988).
This evident disarray among the Courts of Appeals calls for a grant of certiorari.