UNITED STATES of America,
Plaintiff–Appellee,

v.

Jude Somerset HARDESTY,
Defendant–Appellant.

No. 90–30260.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 1991.

Decided March 10, 1992.

Before ALARCON, FERGUSON and HALL, Circuit Judges.

FERGUSON, Circuit Judge:

While serving a ten-year state prison term, defendant-appellant Hardesty was convicted in federal district court in 1984 of possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) & 5871. He was sentenced to a ten year term of imprisonment to run consecutively to the state prison sentence. Upon completing his state prison term in 1990, Hardesty filed a motion under 28 U.S.C. § 2255 and former Fed.R.Crim.P. 35(a),[1] contending that the consecutive sentence was "illegal." He requested that his sentence be reduced to time already served and, in the alternative, that probation be substituted for the federal sentence. He now appeals from the denial of this motion, and we affirm.

## DISCUSSION

### I. Consecutive Sentence

Hardesty's first argument is that the sentencing judge improperly ordered his federal sentence to run consecutively to the previously imposed state sentence. We review this legal issue de novo. *United States v. Wills*, 881 F.2d 823, 825 (9th Cir.1989). Hardesty relies upon *United States v. Terrovona*, 785 F.2d 767 (9th Cir.), *cert. denied*, 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 553 (1986), where we held that a district court had no authority to order that the sentence be served either consecutively or concurrently but could only make a recommendation to the Bureau of Prisons. *Id.* at 770. We explained that the Bureau would then effectively decide the length of the sentence by designating where it would be served, but assumed that the Bureau would follow the court's recommendation. *Id.*

Paul S. Petterson, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Baron C. Sheldahl, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

1. Although this rule was amended in 1987 to conform to the Sentencing Guidelines, it still applies to defendant's case because his criminal conduct occurred prior to November 1, 1987, and there is no time limit for requesting correction of an illegal sentence. *See United States v. Jordan*, 884 F.2d 1297, 1298 n. 1 (9th Cir.1989).

For its part, the government argues that the consecutive sentence was lawful, based on the authority of *United States v. Thornton*, 710 F.2d 513 (1983), which pre-dated *Terrovona*. *Thornton* clearly holds that although former 18 U.S.C. § 3568 limits the authority of judges to order *concurrent* terms, there was no corresponding limit on their authority to order that sentences be served *consecutively*. *Id.* at 516. *See also United States v. O'Brien*, 789 F.2d 1344, 1346 (9th Cir.1986) (following *Thornton*). The government contends that because the three-judge *Terrovona* panel did not have the authority to overrule an earlier decision, *Thornton* remains good law and the district court was correct in following it here.

■ *Thornton* and *Terrovona* are clearly in conflict. Normally, when faced with an irreconcilable intra-circuit conflict of this nature, the proper course would be to cal for an *en banc* panel to resolve the conflict. *Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir.1987) (en banc), *cert. denied*, 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988); *Tornay v. United States*, 840 F.2d 1424, 1427 n. 3 (9th Cir.1988). However, such a call is not required where, as here, the conflict may be reconciled or avoided. *See United States v. Whitehead*, 896 F.2d 432, 434 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990) (unnecessary to call for *en banc* review); *United States v. Sotelo–Murillo*, 887 F.2d 176, 179 (9th Cir. 1989).

■ On occasion, we have also found it appropriate to follow one of two conflicting lines of authority without calling for *en banc* review. This is especially true where, as here, Congress has undermined one of the conflicting cases by amending a substantive statute. *See, e.g. Landreth v. Commissioner*, 859 F.2d 643, 648 (9th Cir. 1988). *See also State of Cal., Dept. of Health Servs. v. U.S. Dept. of Health & Human Servs.*, 853 F.2d 634, 638 (9th Cir. 1988) (panel may disregard earlier decision if substantive law has changed); *United States v. Magana*, 797 F.2d 777, 779 (9th Cir.1986).

■ In a closely analogous situation, we are asked to make "the unsatisfactory choice between two opposing lines of authority, neither of which has an unimpaired claim to being the law of the circuit" without the aid of an intervening decision by Congress or the Supreme Court. *Greenhow v. Sec. of Health & Human Servs.*, 863 F.2d 633, 636 (9th Cir.1988). In such cases, a panel may follow the rule which has "successfully posed as the law of the circuit for long enough to be relied upon." *Id. See also Royal Dev. Co. v. NLRB*, 703 F.2d 363, 368–69 (9th Cir.1983) (panel bound by circuit authority, regardless of alternate views).

■ In the case at bar, both these special situations exist, and each counsels us to follow the earlier *Thornton* case rather than *Terrovona*. Consecutive sentencing has been permitted by the law of this circuit at least since 1941. *See Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir.1950) (approving consecutive sentence); *Hayden v. Warden*, 124 F.2d 514 (9th Cir.1941) (same). In *Gunton*, we noted:

> It is a well-recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses. Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns.

*Gunton*, 185 F.2d at 471. Since our restatement of this rule in *Thornton*, our own caselaw and that of our sister circuits have been nearly unanimous in following it. In comparison, our research has revealed no appellate cases that have approved of the *Terrovona* analysis. *See, e.g. United States v. O'Brien*, 789 F.2d 1344, 1346 (9th Cir.1986) (following *Thornton*); *United States v. Eastman*, 758 F.2d 1315, 1318 (9th Cir.1985) (discussing *Thornton*).

Eight of our sister circuits agree. "The federal district court has the undoubted power to impose a federal sentence that is not to commence until service of an existing state sentence for an unrelated offense

has been completed." *Pinaud v. James,* 851 F.2d 27, 30 (2nd Cir.1988). *See also Harding v. United States,* 851 F.2d 1305, 1306 (11th Cir.1988) (authority of federal judges to impose consecutive sentences well-settled); *Salley v. United States,* 786 F.2d 546, 547 (2d Cir.1986) (citing cases). *See also United States v. Campisi,* 622 F.2d 697, 699 (3rd Cir.1980); *Causey v. Civiletti,* 621 F.2d 691, 694 (5th Cir.1980) (*citing Gunton,* 185 F.2d at 471); *Cox v. United States ex rel. Arron,* 551 F.2d 1096, 1098 (7th Cir.1977) (trial court has "inherent power" to impose consecutive sentences) (citing *McKee v. United States,* 289 F.2d 557 (7th Cir.1961)); *United States v. Lee,* 500 F.2d 586, 587–88 (8th Cir.), *cert. denied,* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974); *Anderson v. United States,* 405 F.2d 492, 493 (10th Cir.), *cert. denied,* 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); *Jervis v. United States,* 382 F.2d 592, 593 (1st Cir.1967) ("The federal court had a clear right to recognize and accede to the state custody."); *Green v. United States,* 334 F.2d 733, 736 (1st Cir.1964) ("no impropriety" in imposing federal sentence consecutive to state sentence), *cert. denied,* 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

By contrast, *Terrovona* has been expressly rejected by two circuits, *Harding v. United States,* 851 F.2d 1305, 1306 (11th Cir.1988); *United States v. Pungitore,* 910 F.2d 1084, 1118 (3rd Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991), and followed only by a single district court, *United States v. Posey,* 665 F.Supp. 848, 850 (C.D.Cal.1987). Thus, *Terrovona* stands alone in failing to recognize the rule enunciated in *Thornton* as the law of the circuit. Instead, it erroneously assumed that the district court had no authority to order that the sentence be served consecutively, completely ignoring *Thornton* and relying on three unrelated cases, *United States v. Williams,* 651 F.2d

644 (9th Cir.1981), *United States v. Segal,* 549 F.2d 1293 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977), and *United States v. Myers,* 451 F.2d 402 (9th Cir.1972).

Unfortunately, none of these three cases actually stand for the proposition for which *Terrovona* cites them. On the contrary, they focus on the issue of whether a district court could order a *concurrent* sentence under former 18 U.S.C. § 3568.[2] *See, e.g. Myers,* 451 F.2d at 404; *Segal,* 549 F.2d at 1301. Although we have repeatedly applied the statute to bar concurrent federal and state sentences by mandating that federal sentences must be served in federal institutions, no corresponding prohibition applies to consecutive sentencing. In fact, the holding in *Segal* itself actually *affirmed* a consecutive sentence similar to that imposed here. *Segal,* 549 F.2d at 1301.

*Terrovona's* reliance on *Myers* is similarly unfounded. There, we permitted a defendant serving a state sentence to invalidate his guilty plea because he was not informed that his federal sentence must run consecutively under 18 U.S.C. § 3568. *Myers,* 451 F.2d at 404. Both *Segal* and *Myers* implicitly acknowledge that the practical effect of § 3568 is to mandate consecutive sentencing in most cases.

*Williams* is the only case cited in *Terrovona* which actually addresses the issue of whether judges may order consecutive sentences. However, it focused on whether the consecutive federal sentence ordered after a retrial was unduly severe under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Williams,* 651 F.2d at 646–48. There, we reversed the consecutive aspect of the sentence because it was improperly based on conduct which occurred before the initial sentencing, not because it was beyond the

---

**2.** The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary ... for service of such sentence.... No sentence shall prescribe any other method of computing the term.

Former 18 U.S.C. § 3568, *repealed by* Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, c. II, § 212(a)(2), 98 Stat.1987, effective Nov. 1, 1987.

judge's authority. *Id.* at 647–48. In a footnote, the panel speculated that the rule precluding federal judges from ordering concurrent sentences "would equally seem to preclude a district court from ordering" consecutive sentences. *Id.* at 647, n. 2. However, like *Terrovona, Williams* cited only the inapposite cases of *Segal* and *Myers* as authority for this proposition. Thus, on the issue of whether district judges have the authority to impose consecutive sentences, the *Williams* footnote was pure *dicta.*

Even on its own reasoning, then, *Terrovona* seems incorrectly decided. The *Terrovona* panel erroneously relied on inapposite caselaw and ignored the settled law of the circuit as represented by *Thornton.* The earlier case remains the law until overturned by an *en banc* panel. *See Atonio v. Wards Cove Packing Co.,* 810 F.2d at 1478–79; *Pratt v. McCarthy,* 850 F.2d 590, 593 (9th Cir.1988); *United States v. Mount,* 438 F.2d 1072, 1074 (9th Cir.1970).

Finally, Congress has now codified the *Thornton* rule in the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, c. II, § 212(a)(2), 98 Stat. 2000, and expressly granted judges authority to make these decisions. *See* 18 U.S.C. § 3584(a), which now provides in part:

> If ... a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, ... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Thus, there can be no question that Congress has expressly granted federal judges the discretion to impose a sentence concurrent to a state prison term. *See also United States v. Wills,* 881 F.2d 823, 825–26 (9th Cir.1989).

Although the new statute does not directly apply to sentences for crimes which, like Hardesty's, were committed before November 1, 1987, its legislative history indicates that its intent was to codify preexisting law on consecutive sentencing and reverse the Ninth Circuit rule as to concur-

rent sentencing. The Senate Judiciary Committee Report which accompanied the original Act stated:

> Existing law permits the imposition of either concurrent or consecutive sentences, but provides the courts with no statutory guidance in making the choice. Terms of imprisonment imposed at the same time are deemed to run concurrently rather than consecutively if the sentencing court has not specified otherwise. Exceedingly long consecutive terms commonly are avoided through the exercise of judicial restraint. A term of imprisonment imposed on a person already serving a prison term is ... usually served after the first sentence if that sentence involves imprisonment for a State or local offense.[310]
>
> If ... multiple terms of imprisonment are imposed at different times without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise. This ... changes the law that now applies to a person sentenced for a Federal offense who is already serving a term of imprisonment for a State offense (some footnotes omitted).[314]

---

[310] ... Some courts have held that the Federal courts do not have the authority to make a Federal sentence concurrent with a State sentence already being served since *18 U.S.C. 3568* specifies that the Federal term commences when the defendant is received by Federal authorities. *See, e.g., United States v. Segal,* 549 F.2d 1293, 1301 (9th Cir.1977).

[314] Thus, it is intended that this provision be construed contrary to the holding in *United States v. Segal, supra* note 310.

S.Rep. No. 225, 98th Cong., 2d sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3309–3310. Thus, Congress has now expressly adopted the broad discretion expressed in *Thornton,* while repealing the law upon which *Terrovona* indirectly relied. As we stated in *Landreth,* "in cases involving statutory interpretation where Congress has retroactively clarified the meaning of the statute at issue," a three judge panel may reexamine prior precedent to determine its continuing au-

thority. *Landreth v. Commissioner,* 859 F.2d at 648.[3]

Given this Congressional recognition and codification of the *Thornton* rule, as well as the unanimity of our sister circuits, it is clear that the district court's reliance on *Thornton* in 1984 was correct. This case does not merit *en banc* review. We affirm.

## II. Presentence Report

■ Hardesty also argues that the district court abused its discretion in refusing to order an updated presentence report. He contends that Hardesty's good behavior during the six years he spent in the state prison shows that his character has improved enough to render him deserving of probation rather than jail time. We review this issue for abuse of discretion, *United States v. Meyers,* 847 F.2d 1408, 1416 (9th Cir.1988), and hold that the district court's decision was within his discretion.

Hardesty's federal sentence was imposed in May 1984, while he was serving a state sentence imposed in 1983.[4] He immediately filed a motion to reduce his federal sentence, which was denied. Near the end of his state incarceration, Hardesty filed the instant motion, asking that the federal sentence be reduced to time already served or suspended and replaced with probation.[5] In May 1990, Hardesty completed his state sentence and was transferred to federal custody to begin serving his federal sentence.

In denying Hardesty's motion for probation and refusing to order an updated presentence report or reduce the sentence, the court stated:

> I carefully reviewed the presentence report, which outlined the details of the

underlying offense and defendant's criminal history. Defendant once before requested that I reduce his sentence. In September, 1984, I denied that request because I concluded that 'the sentence which defendant received was and continues to be an appropriate one.' I have not changed my mind.

Hardesty argues that the court's failure to order an updated presentence report merits reversal under *United States v. Lopez–Gonzales,* 688 F.2d 1275 (9th Cir.1982). There, we vacated a sentence which had been imposed pursuant to a mechanical sentencing policy, without giving any consideration to the defendant's individual circumstances. *Id.* at 1277. We explained that "[p]unishment should fit the offender and not merely the crime. The sentencing judge is required to consider all mitigating and aggravating circumstances involved." *Id.*

Here, the judge did exactly that. In imposing the original sentence, he carefully considered all relevant information, including the presentence report. He was aware of Hardesty's incarceration in a state facility and of his initial steps toward rehabilitation. Furthermore, in denying Hardesty's 1990 motion for a probationary sentence, the court carefully reviewed the facts of the case as presented in the original presentence report. Attached to the motion were a number of letters from family, friends and former counsel attesting to Hardesty's character, behavior, and rehabilitative progress in state prison.

Based on this record, the court did not abuse its discretion in declining to order an updated presentence report before denying probation. Although we have not previous-

---

**3.** In *Landreth,* we also noted that the legislative history of the intervening statute made clear that Congress intended to overrule the legal authority upon which the earlier case relied. *Id.* The same is true for *Terrovona,* as explained above.

**4.** He successfully appealed his original state sentence, which totalled forty years, and was resentenced to a ten year term. *See State v. Hardesty,* 695 P.2d 569 (Or.1985). At oral argument, his counsel explained that he was released after seven years for good behavior.

**5.** Since Hardesty had not begun to serve his federal sentence at the time he requested probation, the district court retained authority to grant the relief requested. *United States v. Karp,* 764 F.2d 613, 615 (9th Cir.1985). However, the court had no duty to grant probation, since whether a defendant is "a worthy candidate for probation is a matter wholly within the competence of the trial court to decide." *Id.*

ly ruled on this issue, the Third Circuit recently rejected a similar argument and held that a five-year-old presentence report constituted "information sufficient to enable the meaningful exercise of sentencing authority" as required by Fed.R.Crim.P. 32(c)(1). *United States v. Fernandez*, 916 F.2d 125, 129 (3d Cir.1990) (quoting Rule), *cert. denied*, —— U.S. ——, 111 S.Ct. 2249, 114 L.Ed.2d 490 (1991).[6] Here, as in *Fernandez*, the original presentence report contained sufficient relevant information to satisfy Rule 32. The record indicates that the district court sufficiently considered Hardesty's individualized characteristics, including the years spent in state prison. The court's decision to proceed without an updated presentence report was not an abuse of discretion.

## CONCLUSION

The district court's orders imposing a consecutive sentence and denying probation are AFFIRMED.

ALARCON, Circuit Judge, concurring and dissenting.

I respectfully dissent from Part I of the majority opinion because I believe that, pursuant to *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477 (9th Cir.1987) (en banc), *cert. denied*, 485 U.S. 989, 108 S.Ct. 1293, 99 L.Ed.2d 503 (1988), this panel must call for en banc review of the irreconcilable conflict in the law of this circuit regarding whether a district court had the authority, prior to November 1, 1987, to order a federal sentence to run consecutive to a previously imposed state sentence. I concur in Part II.

In *Atonio*, this court, sitting en banc, addressed the question regarding the "procedure a panel should follow when faced with an irreconcilable conflict between the holdings of controlling prior decisions of this court." *Id.* at 1478. The en banc court held that "the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision. A panel faced with such a conflict *must* call for en banc review,

which the court will normally grant unless the prior decisions can be distinguished." *Id.* at 1478–79 (emphasis added).

The majority concedes that *"Thornton* and *Terrovona* are clearly in conflict." Majority Opinion (Maj.Op.) at 912. Notwithstanding *Atonio's* unambiguous and mandatory language, however, the majority concludes that en banc review is not necessary in this case. The majority justifies this conclusion on two grounds. First, the majority concludes that *Terrovona* was "incorrectly decided." Maj.Op. at 912. Second, the majority concludes that Congress undermined *Terrovona* by codifying the rule set forth in *Thornton* in the Crime Control Act of 1984, 18 U.S.C. § 3584(a). Neither one of these grounds creates an exception to the rule set forth in *Atonio.*

The majority argues persuasively that *Terrovona* should not be followed. *Atonio* does not permit a three-judge panel to resolve a conflict in the law of the circuit by choosing the rule that the panel considers correct. The en banc court in *Atonio* noted that the three-judge panel that initially heard the appeal chose between conflicting authorities by following the case which "expressed the 'correct view' or, alternatively, because it was the decision 'first in line.'" *Atonio*, 810 F.2d at 1478. We stated in *Atonio* that "[t]he panel's approach did not resolve the broader question of how future panels should decide a case controlled by contradictory precedents." *Id.* The majority's summary of out-of-circuit authority and its analysis of the precedent relied on by *Terrovona* may well demonstrate that it was wrongly decided. Nevertheless, the law of this circuit, as explained in *Atonio*, requires that the decision to reject *Terrovona* and adopt *Thornton* be made by an en banc court. Because *Terrovona* and *Thornton* cannot be distinguished, this three-judge panel "must call for en banc review." *Id.* at 1479.

The majority does not attempt to distinguish *Thornton* and *Terrovona.* Instead, it cites *United States v. Whitehead*, 896

---

6. *Cf. People v. Causey*, 230 Cal.App.2d 576, 579, 41 Cal.Rptr. 116, 119 (1964) (in state system,

statute mandates that presentence reports be updated upon application for probation).

F.2d 432 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 342, 112 L.Ed.2d 306 (1990), and *United States v. Sotelo–Murillo,* 887 F.2d 176 (9th Cir.1989), in support of the proposition that an en banc call "is not required where, as here, the conflict may be reconciled or avoided." Maj.Op. at 912. In both of these cases, however, it was unnecessary to choose between the conflicting authority because the outcome would be the same. That is not true in the instant matter. This court must determine whether the rule set forth in *Thornton* or in *Terrovona* is applicable.

In *Whitehead,* we concluded that en banc review to resolve an intra-circuit conflict was not required because the outcome of the case did not turn on which standard of review we applied to the denial of a proposed jury instruction. 896 F.2d at 434. In *Sotelo–Murillo,* a three-judge panel recognized a split in Ninth Circuit authority regarding the proper standard of review "may be resolved authoritatively only through en banc proceedings." 887 F.2d at 179. En banc review was not sought by the panel because the result of the case did not turn on the standard of review. *Id.* Unlike *Whitehead* and *Sotelo–Murillo,* the present case cannot be decided without first resolving the conflict between *Thornton* and *Terrovona.*

To justify its failure to follow *Atonio,* the majority cites *Greenhow v. Secretary of Health & Human Servs.,* 863 F.2d 633 (9th Cir.1988), for the proposition that "a panel may follow the rule which has 'successfully posed as the law of the circuit for long enough to be relied upon.'" Maj.Op. at 912 (quoting *Greenhow,* 863 F.2d at 636). In *Greenhow,* a three-judge panel of this court was asked to resolve an intra-circuit conflict as to whether a party's failure to object to a magistrate's report waives his right to appeal all issues. The court stated:

An intra-circuit conflict can only be resolved by the court en banc.... Until the en banc court is able to address the issue, we must make the unsatisfactory choice between two opposing lines of authority, neither of which has an unim-paired claim to being the law of the circuit.

*Greenhow,* 863 F.2d at 636. The three-judge panel then chose to follow one of the conflicting lines of authority in order to "avoid surprise and the unjust forfeiture of rights...." *Id.* *Atonio* was not cited or discussed in *Greenhow,* although *Atonio* had been the law of the circuit for one year. *Greenhow* does not represent an exception to *Atonio.* It merely demonstrates that another three-judge panel of this court erroneously overlooked or ignored the law of this circuit in our en banc decision in *Atonio.*

I am sympathetic with the majority's reluctance to seek initial en banc consideration to resolve the conflict between *Thornton* and *Terrovona* because of its strongly-held view that *Terrovona* was wrongly decided. I fully recognize that en banc review may add months or even years to the shelf-life of a matter before this court. By choosing between *Thornton* and *Terrovona* and refusing to seek an en banc resolution of this conflict, however, the majority violates the law of this circuit as explicated in *Atonio.* The majority appears to believe that the mandatory language of *Atonio* is inapplicable when a three-judge panel concludes that a prior decision was wrongly decided. As noted above, the en banc court in *Atonio* instructed that a three-judge panel may not choose between conflicting intra-circuit authority by selecting what the judges believe to be the "correct" view. *Atonio,* 810 F.2d at 1478–79. Only another en banc court can create exceptions to *Atonio's* clear command.

The majority also concludes that it does not have to call for en banc review of the conflict between *Thornton* and *Terrovona* because "Congress has now codified the *Thornton* rule in the Comprehensive Crime Control Act of 1984, Pub.L. 98–473, Title II, c. II, § 212(a)(2), 98 Stat. 2000, and expressly granted judges authority to make these decisions." Maj.Op. at 914.

Pursuant to 18 U.S.C. § 3584(a) the district court now has the authority to order a federal sentence to run consecutive to an existing state sentence. *United States v.*

*Wills,* 881 F.2d 823, 826–27 (9th Cir.1989). Section 3584(a) did not become effective, however, until November 1, 1987, and is expressly "applicable only to offenses committed after the taking effect of [the] section." Pub.L. No. 98–473, § 235(a)(1), as set forth in the note following 18 U.S.C. § 3551 (1988). Therefore, contrary to the majority's conclusion, section 3584(a) has no impact on sentences imposed prior to November 1, 1987.

The enactment of section 3584 did not constitute an amendment or clarification of a preexisting statute that undermined the interpretation given to it by our court. In *Landreth v. Commissioner Internal Revenue Service,* 859 F.2d 643 (9th Cir.1988), a three-judge panel of this court ruled that it was not bound by *Wehrly v. United States,* 808 F.2d 1311 (9th Cir.1986), because the statute we interpreted in *Wehrly* had been amended. *Landreth,* 859 F.2d at 648. We held in *Landreth* that a three-judge panel of this court is not bound by earlier precedent from this circuit "in cases involving statutory interpretation where Congress has retroactively clarified the meaning of the statute at issue." *Id.* In relying on *Landreth,* the majority fails to point out that in this matter Congress did not enact clarifying legislation to negate a construction by this court of the words of a statute.

Unlike the situation in *Landreth,* in this matter we are not asked to reconsider the application of a statute because of new language inserted by Congress since our earlier decision. In fact, Congress had not spoken on the power of the courts to order consecutive sentences until it adopted section 3584, after our decisions were published in *Thornton* and *Terrovona.*

The legislative history of section 3584 reveals that "[t]here are no provisions of current law covering the contents of this section. Existing law permits the imposition of either concurrent or consecutive sentences, *but provides the courts with no statutory guidance in making the choice.*" S.Rep. No. 225, 98th Cong., 2d

sess., *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3309 (emphasis added). In *Landreth,* we were required to interpret and apply the statute as amended. In this matter, section 3584(a) is expressly inapplicable to the consecutive sentence imposed by the court because it was imposed prior to November 1, 1987.

In summary, I dissent because our en banc decision in *Atonio* mandates that an en banc court resolve the conflict in *Thornton* and *Terrovona,* regarding whether a district court had the authority to order a federal sentence to be served consecutive to an existing state sentence prior to November 1, 1987. *Atonio* precludes this panel from choosing between these cases. The *Landreth* exception is inapplicable because in enacting section 3584(a), Congress provided that it had no retroactive effect. *Landreth* would only be applicable if we were required to apply section 3584(a) to this matter. Congress has expressly prevented us from doing so.