996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George James ROADS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-16348.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 16, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George James Roads is currently serving an 88 month sentence after pleading guilty to 21 U.S.C. § 841(a)(1)--possession with intent to distribute methamphetamine. He moved to modify his sentence under Fed.R.Crim.P. 35 and 28 U.S.C. § 2255.[1] The district court denied his motion, and he appeals. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On October 18, 1988, Roads was arrested when investigators found him in his co-defendant's store with 318 grams of methamphetamine and $2,020 in cash in plain view on the desk in front of him. The defendant was arrested, waived his Miranda rights, then directed officers to his car where they found an additional 501 grams of methamphetamine, $22,900 in cash, and a loaded firearm. Roads admitted that the drugs and money belonged to him and that he had been involved in selling large quantities of methamphetamine.
 
 
 4
 He pleaded guilty to possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1). Roads was sentenced to 88 months under the Sentencing Guidelines on September 29, 1989. On direct appeal, Roads raised several issues, including a Speedy Trial Act violation and a due process challenge to the Sentencing Guidelines. The appeals court affirmed.
 
 
 5
 On October 28, 1991, Roads filed a motion under Fed.R.Crim.P. 35(a) and 28 U.S.C. § 2255 to reduce his sentence, arguing that he should have been sentenced under pre-Guideline federal law and, alternatively, that he should have been sentenced under state law because his case was improperly referred for federal, rather than state, prosecution. The district court denied his motion, and he filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 Both the district court and the circuit court have jurisdiction under 28 U.S.C. § 2255. We also have jurisdiction under 28 U.S.C. § 1291. Application of the Sentencing Guidelines is reviewed de novo. United States v. Kohl, 972 F.2d 294, 297 (9th Cir.1992). The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc).
 
 III.
 DISCUSSION
 
 7
 A. We cannot review the prosecutor's charging decision.
 
 
 8
 Roads argues that his rights to both a speedy trial and a speedy arraignment were violated, and that the federal prosecutor acted as a mere "rubber stamp" to the state prosecutor's decision about whether to prosecute his case in federal or state court. Roads argues that these are examples of statutory and constitutional violations that occurred because of the prosecutor's decision to charge him with a federal rather than state crime. He relies on United States v. Nance, 962 F.2d 860, 865 (9th Cir.1992): "[A] prosecutor obviously cannot base charging decisions on a defendant's race, sex, religion, or exercise of a statutory or constitutional right...."
 
 
 9
 However, absent proof of discrimination based on suspect characteristics, i.e., race, religion, or gender, a court may not review a prosecutor's decision to charge a particular defendant. See Nance, 962 F.2d at 864-65; United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992); United States v. Redondo-Lemos, 955 F.2d 1296, 1300-01 (9th Cir.1992). The reason is that courts cannot intensely inquire into a prosecutor's charging decision without violating separation of powers. Redondo-Lemos, 955 F.2d at 1300. Thus, even when faced with arbitrary or capricious charging decisions that might violate constitutional due process rights, there is no judicial remedy. Roads has not argued that the prosecutor discriminated because of his gender, race, or religion when he charged him with a federal rather than state crime. We cannot review the prosecutor's charging decision.
 
 
 10
 B. No Speedy Trial Act violation.
 
 
 11
 The Speedy Trial Act issue was analyzed and rejected on direct appeal. United States v. Roads, No. 89-10521 (9th Cir. August 16, 1990). There was no Speedy Trial Act violation.
 
 
 12
 C. Speedy arraignment challenge is barred.
 
 
 13
 For the first time in his habeas motion, Roads claims that his speedy arraignment rights were violated because he was arrested on October 18, 1988 and arraigned on October 21, 1988. This claim is barred because Roads failed to raise it in his direct appeal and showed neither "cause" nor "prejudice" for this procedural default. United States v. Frady, 456 U.S. 152, 168 (1982); Abatino v. United States, 750 F.2d 1442, 1445 (9th Cir.1985) (applying Frady in section 2255 action). We do not see how this delay hurt Roads at all--let alone constituted the needed "prejudice."
 
 
 14
 D. Roads was properly sentenced under the Sentencing Guidelines.
 
 
 15
 Alternatively, Roads argues that he should have been sentenced under pre-Guideline federal law because at the time of his arrest the Ninth Circuit considered the Guidelines to be unconstitutional. Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245 (9th Cir.1988), vacated, United States v. Chavez-Sanchez, 488 U.S. 1036 (1989). Thus, Roads argues the court should have sentenced him under the pre-Guidelines law. This argument was rejected in United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1052-53 (9th Cir.1990), where we held that the Supreme Court case upholding the constitutionality of the Sentencing Guidelines, Mistretta v. United States, 488 U.S. 361 (1989), should be applied retroactively. Furthermore, the Supreme Court had decided Mistretta before Roads was sentenced.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fed.R.Crim.P. 35, providing for correction or reduction of a sentence, was modified in 1987 to conform with the Sentencing Guidelines. See United States v. Hardesty, 958 F.2d 910, 911 n. 1 (9th Cir.), aff'd en banc, 977 F.2d 1347 (1992). Review of a trial court's decisions under the former rule may arise, however, if the criminal conduct occurred prior to November 1, 1987. Since Roads was arrested on October 18, 1988, we view his motion as a federal habeas corpus action under 28 U.S.C. § 2255