CHIEF JUSTICE TURNAGE
concurring in part and dissenting in part:
I concur with the majority opinion with the exception of its decision on Issue 3, whether the court erred in failing to order a current presentence investigation. In particular, I am concerned that the Court’s opinion would seem to allow consideration of post-offense aggravating circumstances in a resentencing.
In its brief, the State relies upon Smith’s failure to request a new presentence investigation. It does not address the core issue of whether a criminal defendant has a right to a new presentence investigation upon resentencing.
Other combs have held that a new presentence investigation is not necessarily required upon resentencing, subject to the facts of the case and the language of the statute requiring presentence investigations (and ours does not directly address this particular issue). Where the court has indicated that it would resentence on the basis of facts available at the time of the original sentence, a new presentence investigation is not required. United States v. Fernandez (3rd Cir. 1990), 916 F.2d 125, cert. denied, 111 S.Ct. 2249, 114 L.Ed.2d 490. Whether to order a new presentence investigation for resentencing is a matter of discretion with the sentencing court. United States v. Hardesty (9th Cir. 1992), 958 F.2d 910. Where the original sentencing judge resentences, supplemental evidence is presented at a resentencing hearing, or resentencing is close in time to the original sentencing, a new presentence investigation is not required. People *448 v. Munson (Ill.App. 3 Dist. 1988), 525 N.E.2d 250, cert. denied, 530 N.E.2d 257; People v. Brown (Ill.App. 4 Dist. 1990), 555 N.E.2d 794. Where the defendant has not requested a new presentence investigation and the court has allowed evidence to be presented at the resentencing hearing, a new presentence investigation is not required. People v. Duboulay (A.D. 2 Dept. 1990), 551 N.Y.S.2d 582, cert. denied, 557 N.E.2d 1190.
The relevant statutes provide in their relevant parts as follows:
46-18-111. Presentence investigation — when required. (1) Upon the acceptance of a plea or upon a verdict or finding of guilty to one or more felony offenses, the district court shall direct the probation officer to make a presentence investigation and report. ...
46-18-112. Content of presentence investigation report. (1) Whenever an investigation is required, the probation officer shall promptly inquire into and report upon:
(a) the defendant’s characteristics, circumstances, needs, and potentialities;
(b) the defendant’s criminal record and social history;
(c) the circumstances of the offense;
(d) the time of the defendant’s detention for the offenses charged
46-18-301. Hearing on imposition of death penalty. When a defendant is found guilty of or pleads guilty to an offense for which the sentence of death may be imposed, the judge who presided at the trial or before whom the guilty plea was entered shall conduct a separate sentencing hearing to determine the existence or nonexistence of the circumstances set forth in 46-18-303 and 46-18-304 for the purpose of determining the sentence to be imposed. The hearing shall be conducted before the court alone.
46-18-302. Evidence that may be received. In the sentencing hearing, evidence may be presented as to any matter the court considers relevant to the sentence, including but not limited to the nature and circumstances of the crime, the defendant’s character, background, history, and mental and physical condition, and any other facts in aggravation or mitigation of the penalty.... [Emphasis added.]
46-18-303. Aggravating circumstances. Aggravating circumstances are any of the following: ...
*449 (7) The offense was aggravated kidnapping which resulted in the death of the victim or the death by direct action of the defendant of a person who rescued or attempted to rescue the victim.
46-18-304. Mitigating circumstances. Mitigating circumstances are any of the following:
(1) The defendant has no significant history of prior criminal activity.
(2) The offense was committed while the defendant was -under the influence of extreme mental or emotional disturbance.
(3) The defendant acted under extreme duress or under the substantial domination of another person.
(4) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
(5) The victim was a participant in the defendant’s conduct or consented to the act.
(6) The defendant was an accomplice in an offense committed by another person, and his participation was relatively minor.
(7) The defendant, at the time of the commission of the crime, was less than 18 years of age.
(8) Any other fact that exists in mitigation of the penalty.
It is neither logical nor conceivable that Smith, while incarcerated on death row at all times subsequent to the presentence report and sentencing could produce any mitigating circumstance that is provided for in § 46-18-304, MCA.
Most certainly, consideration of aggravating circumstances as set forth in § 46-18-303, MCA, can only relate to any such circumstances that occurred at the time of the commission of the crimes of deliberate homicide and aggravated kidnapping.
If the District Court, based on a new presentencing report, considered “good conduct” of Smith on death row as a mitigating circumstance to the crimes he committed, which I submit is neither logical nor justified, may the District Court therefore consider new aggravating circumstances that occurred subsequent to the commission of the offenses? Of course not.
To consider Smith’s conduct on death row as an aggravating circumstance would be not only unthinkable but unconstitutional. It would be a denial of due process of law (accused of and punished for something he may not have been charged with or did not have an opportunity to refute), and a clear double jeopardy violation — he *450 would be again put in jeopardy for the same offense previously tried, but would risk enhanced sentencing because of an aggravating circumstance which occurred after the initial sentence was imposed.
I believe it is clear that consideration of aggravating and mitigating circumstances as set forth in §§ 46-18-302, -303, and -304, MCA, can only logically and properly relate to circumstances that occurred prior to or as a part of the res gestae of the crimes for which conviction occurred. To assume that somehow or other Smith, by being polite to his guards on death row, has established a mitigating circumstance concerning the crimes he committed is neither statutorily permitted nor contemplated.
A presentence investigation has already been conducted, for purposes of Smith’s 1983 conviction of these same offenses. The law does not require idle acts. Section 1-3-223, MCA. Because the relevant mitigating and aggravating circumstances have already been documented in that report, a new presentence investigation would serve no logical purpose.
I would affirm the conviction.
JUSTICE HARRISON and DISTRICT JUDGE PURCELL, sitting in the seat vacated by the retirement of JUSTICE McDONOUGH, join in the opinion of CHIEF JUSTICE TURNAGE.