**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Teofilo TAVIZON, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Fernando Lopez Landivar,**
**Defendant–Appellant.**

**Nos. 97–50512, 99–50076,**
**99–50315, 99–50756.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2000.[1]

Decided Jan. 16, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

## MEMORANDUM [2]

Jesus Tavizon and Fernando Landivar were convicted in a jury trial and sentenced for conspiracy to possess with intent to distribute and conspiracy to distribute cocaine in violation of 21 U .S.C. § 846, and possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). In a prior unpublished disposition, we affirmed both convic-

tions but vacated Landivar's sentence and remanded for resentencing. *See United States v. Landivar*, 110 F.3d 71, 1997 WL 157532 (9th Cir.1997). Tavizon now appeals the denial of two motions for a new trial, the district court's refusal to hold evidentiary hearings regarding those motions, the denial of his motion requesting various documents, and the denial of his motion for a correction or modification of the record. Landivar appeals the denial of his two motions to dismiss the indictment on the basis of government misconduct, the denial of his two motions for a new trial and the denial of his motion for reconsideration, the district court's refusal to conduct evidentiary hearings regarding these motions, the denial of his motion for a new presentence investigation report, and the denial of his motion for substitution of counsel. Landivar also appeals his sentence, claiming that the district court's factual finding at sentencing increased the statutory maximum to which he was exposed and therefore violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and that the district court erred in denying his request for downward departure. Finally, he appeals his conviction on the grounds that his right to effective assistance of counsel was violated.

We affirm the denial of all Tavizon's and Landivar's motions and deny Landivar's ineffective assistance of counsel claim.

We decline to consider whether appellant Tavizon's sentence contained an *Apprendi* error. Issues not "specifically and distinctly raised and argued" in the appellant's briefs need not be considered by this court. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir.1995). Tavizon did not raise this issue in either his open-

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing or reply brief, and therefore we do not reach it.

The submission of sentencing issues raised by appellant Landivar are deferred pending resolution of *United States v. Corrales–Quintero* (Case No. 00–50129), *United States v. Gonzalez* (Case No. 00–50223), and *United States v. Nevarez–Salcido* (Case No. 00–50157), and the appeal of his sentence will be addressed in a later disposition.

## I. TAVIZON'S APPEAL

### A. SECOND MOTION FOR A NEW TRIAL: Appeal No. 97–50512

Tavizon argues that the district court erred in denying his second motion for a new trial on the grounds that newly discovered evidence revealed that the government had committed numerous *Brady* violations, that the attorney for co-defendant Moreno had perjured himself, and that the government unlawfully transferred co-defendant Moreno to Mexico to thwart appellant's use of him in his post-conviction proceedings.

First, we must address the matter of jurisdiction. The timely filing of an appeal is essential to the jurisdiction of this court. *See United States v. Avendano–Camacho,* 786 F.2d 1392, 1394 (9th Cir.1986). Rule 4(b) provides that a notice of appeal in a criminal case must be filed within ten days after the entry of judgment or order appealed from. Fed. R.App. P. 4(b).

Tavizon filed his notice of appeal in a timely fashion. Tavizon is currently incarcerated, and therefore Rule 4(c) governs the filing of his notice of appeal. Under Rule 4(c)(1), "[i]f an inmate confined in an institution files a notice of appeal in . . . a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing . . . . Timely filing may be shown by a

declaration in compliance with 28 U.S.C. § 1746 . . . which must set forth the date of deposit and state that first-class postage has been prepaid." The district court's order denying Tavizon's motion for a new trial was entered on September 9, 1997. Tavizon deposited his notice of appeal in the prison's internal mail system on September 17, 1997, two days before the last day of filing, and he attached a declaration to that effect.

A defendant seeking a new trial on the basis of newly discovered evidence must satisfy five requirements: 1) the evidence relied on must in fact be newly discovered (i.e. discovered after the trial); 2) the defendant's failure to learn of this evidence must not be due to defendant's lack of reasonable diligence; 3) the evidence relied upon must not be merely cumulative or impeaching; 4) the evidence relied upon must be material to the issues involved at trial; and 5) the evidence relied upon must be such that a new trial would probably result in acquittal. *See United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991). Tavizon offers purportedly newly discovered evidence to raise the same basic claims that he raised in his first new trial motion and that we rejected on direct appeal—that the government improperly prevented him from having access to exculpatory evidence by failing to produce a portion of Moreno's post-arrest statement, failing to produce a particular affidavit of Special Agent Freihon, and causing Moreno's transfer to Mexico. However, none of the evidence offered by Tavizon satisfies the five requirements for newly discovered evidence.

First, numerous exhibits Tavizon attached to his second motion for a new trial either could have been or actually were obtained by Tavizon before his first motion for a new trial, and there is simply no good reason why he could not have attached

them in support of his first motion. Nor do the exhibits satisfy the requirements that evidence be material and neither cumulative or impeaching. Defendant attaches declarations, which even if true, are collateral impeachment evidence and do not provide any evidence that disturbs our previous ruling that "there was no evidence that the government ever possessed or had knowledge of the two pages at issue." *See Landivar,* 1997 WL 157532 at *1.

■ Tavizon also contends that the government committed *Brady* violations, by transferring Moreno to Mexico and by failing to turn over Moreno's presentence report. Only a failure to disclose material and favorable evidence to the accused violates due process. *See United States v. Bagley,* 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Evidence is material if there is a reasonable probability that had the evidence been disclosed to the defendant the result of the proceeding would have been different. *See id.* at 674–75. Here, even assuming that the government had a duty to disclose what was contained in a co-defendant's presentence report without a request by the defendant, this evidence is not material because there is no reasonable probability that a review of Moreno's presentence report would have altered the results of the trial.

■ Tavizon also argues that the government committed a *Brady* violation when it transferred Moreno to Mexico. We apply a two-prong test to determine whether the loss of that evidence violated a defendant's constitutionally guaranteed right to access evidence.[3] "[T]he defendant must make an initial showing that the Government acted in bad faith and that this conduct resulted in prejudice to the

defendant's case." *United States v. Armenta,* 69 F.3d 304, 307 (9th Cir.1995)(internal quotation marks omitted). The mere fact that Moreno's earlier request for a transfer was denied is insufficient evidence of bad faith behavior. Furthermore, Tavizon cannot satisfy the prejudice requirement, as we have previously held that Moreno's testimony at trial was properly excluded as inadmissible. Therefore, the district court properly denied the motion for a new trial on these grounds.

Because Tavizon could not make a prima facie showing that he had met the five requirements for a new trial motion based on newly discovered evidence and because his *Brady* violation claims were meritless, the district court did not abuse its discretion in deciding this motion without an evidentiary hearing.

## B. REQUESTS FOR DOCUMENTS: Appeal No. 97–50512

■ In support of his second motion for a new trial, Tavizon requested various documents from the government relating to the transfer of Moreno to Mexico and copies of Los Angeles Police Department "log books." The discovery obligations set forth in *Brady* require the government to disclose evidence which is in the possession of the government and which is both material and favorable to the accused. *Bagley,* 473 U.S. at 674–75. Appellant's requests were appropriately denied here, as the materials requested are immaterial. Any information regarding Moreno's transfer to Mexico does not satisfy the materiality requirement of *Brady,* because, as we held in Tavizon's first appeal, Moreno could not offer any testimony that would be materially exculpatory and his testimony was

---

**3.** We assume for the purposes of deciding this appeal that the discovery obligations set forth in *Brady* apply in postconviction proceedings.

It is not necessary to decide whether these obligations apply, because even if they do, appellant's claim is meritless.

properly excluded at trial. As for the police logs, Tavizon fails to show how this information would be materially exculpatory or, for that matter, even relevant.

## C. MOTION FOR CORRECTION OF RECORD: Appeal No. 99–50756

Tavizon appeals the district court's denial of his motion for correction or modification of the record. In this motion, Tavizon sought to add thirteen exhibits to the record in the appeal of his second motion for a new trial. However, none of these exhibits were submitted to the district court when considering the merits of that motion.

■ Federal Rule of Appellate Procedure 10(e) states that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded." This rule may not be used to supplement the record on appeal with material not introduced in the district court. *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir.1993). As this material was not introduced in the district court at the time of the motion for a new trial, the determination of the district court not to supplement or correct the record was appropriate.

## D. THIRD MOTION FOR A NEW TRIAL: Appeal No. 99–50315

Less than two years after his second motion for a new trial was denied, Tavizon filed a third motion for a new trial, arguing again that the government withheld exculpatory evidence, that he was improperly convicted of a single conspiracy, and that his defense counsel was ineffective. The district court denied the motion without specifying the grounds for denial.

We affirm the district court's denial of the motion for a new trial because it was untimely. Rule 33 of the Federal Rules of Criminal Procedure provides, in relevant part:

On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require.... A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty.

Fed.R.Crim.P. 33 (as amended April 24, 1998).

Here, the jury verdict was returned against Tavizon on March 28, 1994. This motion was filed on April 2, 1999. As over five years had elapsed, the motion was untimely.

■ Tavizon argues that the amendments to Rule 33 should not be applied to him because to do so would be an ex post facto violation. At the time the jury verdict was returned, Rule 33 provided that a motion for a new trial based on newly discovered evidence could be "made only before or within two years after final judgment." Fed.R.Crim.P. 33 (1994). The Supreme Court has explicitly stated, however, " 'no ex post facto violation occurs if a change does not alter "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." ' " *United States v. Restrepo*, 903 F.2d 648, 655 (quoting *Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987)), *amended on other grounds*, 946 F.2d 654 (9th Cir.), *cert. denied*, 503 U.S. 961, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1991). This change to Rule 33 was a procedural change, not an increase in punishment. Furthermore, there is no unfairness here, as Tavizon has been afforded many opportunities to file motions for new trial.

## II. LANDIVAR'S APPEAL: Appeal No. 99–50076

### A. FIRST MOTION FOR A NEW TRIAL AND MOTION TO DISMISS INDICTMENT FOR *BRADY* VIOLATIONS AND OUTRAGEOUS GOVERNMENT CONDUCT

Similar to Tavizon, Landivar also claims that a new trial is warranted based on the transfer of Moreno to Mexico. There is no evidence of bad faith conduct by the government and any testimony provided by Moreno would be immaterial; therefore we affirm the district court's denial of these grounds for a new trial.

Second, Landivar also argues that a new trial is warranted based on a declaration by Moreno and his presentence report, because they showed that the government had the last two pages of Moreno's handwritten statement and did not produce them. As stated above, we reject this argument because the evidence is cumulative and immaterial.

Third, Landivar contends that Moreno invoked his Fifth Amendment privilege at trial because the government improperly threatened him with additional criminal charges if he gave testimony favorable to Landivar and Tavizon. The district court rejected this claim, because "[i]t would not be outrageous government misconduct for the prosecutor to warn Moreno that he would be prosecuted for perjury if he changed his story and claimed he was not involved with Landivar and Tavizon." Moreno did indeed face perjury charges if he modified the factual basis of his guilty plea, and Moreno's counsel had advised him that the government could pursue perjury charges against him if the government believed his testimony was false. As we have stated before, "the Sixth Amendment is not implicated every time a prosecutor or trial court offers advice regarding the penalties of perjury." *United States v. Vavages*, 151 F.3d 1185, 1189 (9th Cir.1998)(internal quotation marks omitted). This ground for a new trial was properly rejected.

Finally, Landivar contends that the government concealed evidence that supported his defense of entrapment. He attempts to demonstrate that Marco, the undercover agent in this case, perjured himself at trial and that the prosecutor knew of this perjury. Nothing in the record supports his allegations of perjury, and the defense was aware at trial of all facts now presented. Landivar has not presented new evidence that would circumvent the law of the case, and we previously held on direct appeal that his entrapment claim was "meritless." *See Landivar*, 1997 WL 157532 at *2.

### B. SECOND MOTION FOR NEW TRIAL AND TO DISMISS INDICTMENT DUE TO OUTRAGEOUS GOVERNMENT MISCONDUCT

In his second motion for a new trial, Landivar argued that new evidence demonstrated the absence of any relationship between himself and the 1,300 kilograms of cocaine found at the stash house and presented at trial, and he argues that the inclusion of evidence regarding this cocaine was improper and prejudicial. The government, however, did not prosecute Landivar for possession of the cocaine in the stash house; instead, it prosecuted him for possession of 300 kilograms of cocaine that he promised to deliver. Furthermore, the government had previously produced the testimony which Landivar presents as new evidence, and the defense was aware at the time of trial that the government did not believe Landivar controlled the cocaine. Therefore, the district court

properly ruled that the ownership of the cocaine was immaterial and the cocaine was relevant to show access to a source of supply from which to procure the 300 kilograms he actually sold.

### C. MOTIONS DIRECTING PREPARATION OF NEW PRESENTENCE REPORT

On direct appeal, we vacated Landivar's sentence and remanded for re-sentencing. After the case was remanded, Landivar filed two motions for a new presentence report ("PSR"), both of which were denied. However, the district court did order the preparation of a sentencing addendum to address defendant's contentions. Landivar appeals the denial of his motions for a new PSR.

■■■ The district court may refuse to order a revised PSR so long as it considers the circumstances of the case at re-sentencing. *See United States v. Hardesty*, 958 F.2d 910, 915–16 (9th Cir.), *reh'g en banc on other grounds*, 977 F.2d 1347, 1349 (9th Cir.1992). In light of the fact that the district court here ordered an addendum to address defendant's concerns and that the original PSR was available at re-sentencing, we find that the district court did not abuse its discretion in denying this request.

### D. MOTION FOR SUBSTITUTION OF COUNSEL

■■■ Landivar also appeals the denial of his motion for substitution of counsel. We find that the district court did not abuse its discretion in denying substituted counsel, as Landivar requested new counsel on the first day of trial, the court conducted a hearing at which Landivar addressed the court at length regarding his alleged problems with counsel, and Landivar had been allowed three prior changes in counsel before Moore was appointed. *United States v. George*, 85 F.3d 1433, 1438–39 (9th Cir.1996)("The district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance.")(internal quotation marks omitted).

### E. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

■■■ Landivar also claims that his counsel was ineffective because he failed to move to strike the overt acts of the conspiracy count pertaining to the stash house, failed to investigate and produce witnesses relating to his medical condition, and breached the attorney-client privilege in explaining defendant's motion to substitute counsel to the district court. Ineffective assistance of counsel claims typically should be reserved for collateral attack through a motion under 28 U.S.C. § 2255, because resolution of those claims can require development of facts outside the record. *See United States v. Sitton*, 968 F.2d 947, 960 (9th Cir.1992); *see also United States v. Birges*, 723 F.2d 666, 670 (9th Cir.1984). Because this issue requires more factual development than is currently in the record, we decline to reach this issue on direct appeal.

The district court's denial of Landivar's and Tavizon's motions is AFFIRMED. The submission of Landivar's sentencing issues is DEFERRED.