UNITED STATES of America, Plaintiff—Appellee,

v.

Vincent JACKSON, Defendant— Appellant.

No. 07–10026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed Jan. 14, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Phillip A. Talbert, Assistant U.S., US-SAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

John Paul Balazs, Law Offices of John P. Balazs, Sacramento, CA, for Defendant–Appellant.

Before: SCHROEDER, TASHIMA, and W. FLETCHER, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM *

Vincent Jackson was convicted by a federal jury of twelve counts relating to distribution of illicit drugs. After Jackson's first sentence was vacated in light of the Supreme Court's intervening opinion in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he was resentenced to life in prison. In his current appeal Jackson contends that the judge erred by declining to order a new Presentence Report ("PSR") for resentencing proceedings. He also argues that the district judge, in order to apply the sentencing enhancement for use of a deadly weapon, was required to find that evidence beyond a reasonable doubt supported such an enhancement. The judge instead found only that clear and convincing evidence supported the enhancement. Finally, Jackson argues that the evidence does not support application of the enhancement even if only clear and convincing evidence is required. We reject these contentions, and affirm the sentence imposed by the district court.

We review a district judge's decision not to order preparation of a new PSR for abuse of discretion. *United States v. Hardesty*, 958 F.2d 910, *modified on reh'g en banc*, 977 F.2d 1347 (9th Cir.1992) (en banc); *see also United States v. Fernandez*, 916 F.2d 125, 129 (3d Cir.1990), *abrogated on other grounds by Rutledge v. United States*, 517 U.S. 292, 296–97, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). The application of a sentencing enhancement is a legal question that we review de novo. *United States v. Dare*, 425 F.3d 634, 638 (9th Cir.2005). We review for clear error a district judge's factual findings in support of the enhancement. *United States v.*

*Cazares,* 121 F.3d 1241, 1244 (9th Cir. 1997).

██ The district judge did not abuse his discretion in declining to order a new PSR in this case. There is no requirement in case law or in Rule 32 of the Federal Rules of Criminal Procedure that a judge order a new PSR for resentencing. *Hardesty,* 958 F.2d at 916. While courts are generally obligated to order a PSR for a sentencing, that requirement was satisfied in this case, and the district judge had access to the initial PSR on resentencing. Moreover, to the extent that Jackson was entitled to present new information at resentencing in light of *Booker,* the district judge granted him forty-five days in which to do so.

██ We have previously held that a district judge need not find that proof beyond a reasonable doubt supports application of a sentencing enhancement. *See United States v. Staten,* 466 F.3d 708 (9th Cir. 2006); *United States v. Kilby,* 443 F.3d 1135 (9th Cir.2006). In this case, the judge found that the conduct supporting the enhancement had been proved by clear and convincing evidence. Neither Ninth Circuit nor Supreme Court case law required application of a higher standard.

██ We also agree with the district judge's conclusion that the testimony at trial proved by clear and convincing evidence that Jackson had stabbed at least one individual in the course of his drug operation. Jackson can point to no contrary testimony, and relies on tangential inconsistencies in the testimony regarding one stabbing, along with uncorroborated suggestions of perjury. The district judge carefully outlined his findings, specifically noting that the evidence regarding at least one stabbing was clear and convincing.

The enhancement was therefore properly applied.

**AFFIRMED.**