**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joe Clark THORNTON,**
**Defendant-Appellant.**

**No. 83–3015.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 5, 1983.
Decided July 11, 1983.

---

Warren Derbidge, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Kenneth O. Kreis, Atty. at Law, Boise, Idaho, for defendant-appellant.

Before WRIGHT, CHOY, and NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The issues in this appeal of a federal firearms conviction are (1) whether Thornton's arrest and the seizure of the gun violated the Fourth Amendment, (2) whether admission of a government form evidencing nonregistration was reversible error, and (3) whether the district court's order that the sentences run consecutively to a state sentence was beyond its authority.

FACTS

While patrolling early one morning, Officer Cobley of the Boise Police received a radio message that a car was parked near an intersection partially in the traffic lane with its lights on.

Cobley arrived at the scene and found a vehicle, parked as reported. He approached and observed Thornton sitting behind the wheel, apparently asleep or unconscious. He saw about eight inches of an altered gun stock protruding from under the front seat, next to Thornton's right leg.

Cobley returned to his patrol car and ran a registration check on the car, revealing that it was registered to a Boise woman. He requested assistance.

After three other officers arrived, Thornton was removed from the car and arrested on state charges of carrying a concealed weapon within city limits. A pat-down search revealed five 16-gauge shotgun slugs, which were seized. The officers also took the 16-gauge sawed-off shotgun from under the front seat.

Thornton was indicted for possession of a firearm without a serial number and possession of an unregistered firearm, in violation

of 26 U.S.C. § 5861(d), (i). His motion to suppress the use of the gun as evidence was denied after a hearing. He was convicted and sentenced to two five-year concurrent terms, to run consecutively to an unrelated state sentence that he was serving at the time.

## I. CONSTITUTIONALITY OF THE ARREST AND SEARCH

The warrantless arrest of Thornton was constitutional if based on probable cause. *Gerstein v. Pugh,* 420 U.S. 103, 111–14, 95 S.Ct. 854, 861–63, 43 L.Ed.2d 54 (1975). Probable cause is defined as facts and circumstances "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). All facts known to the arresting officer and all reasonable inferences that could be drawn are considered. *United States v. Bernard,* 623 F.2d 551, 558–59 (9th Cir.1979).

The trial court found that probable cause existed to believe that Thornton was violating the Idaho concealed weapons statute, Idaho Code § 18–3302 (1979). We agree.

Cobley's lack of specific evidence that Thornton was not entitled to possession of the gun is irrelevant. Probable cause does not require specific evidence of every element of an offense. *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972).

Thornton contends that Cobley's statement that the stock was in plain view precluded a finding that probable cause existed under the concealed weapons statute. Under Idaho law, a weapon is concealed if not discernible by ordinary observation. *State v. McNary,* 100 Idaho 244, 596 P.2d 417, 420 (1979).

The district court concluded that a gun is concealed when only its stock is visible, because a gun stock need not be part of a gun. An officer also reasonably could conclude that a gun carried with only its stock visible was in violation of Idaho law.

The court found also that enough of the stock was visible to warrant Cobley's belief that a weapon was present. An officer's experience may be considered in determining probable cause. *United States v. Bernard,* 607 F.2d 1257 at 1266–67 (9th Cir. 1979). The court's finding that Cobley, on seeing the gun stock, had probable cause to believe that the Idaho concealed weapons law was being violated was not clearly erroneous.

The seizure of the gun was the result of a lawful search incident to arrest. When a car's occupant is arrested lawfully, the passenger compartment may be searched contemporaneously, incident to the arrest. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981).

## II. BUSINESS RECORD EVIDENCE OF NONREGISTRATION

Thornton contends that the district court erred in admitting a Bureau of Alcohol, Tobacco and Firearms form as a business record, evidencing nonregistration of the gun.

At trial, the court ruled that the government could submit certification of nonregistration later in the day. The defense had no objection to that certification, which was filed. Allowing late submission of the certification was not an abuse of discretion under the circumstances.

Because sufficient independent evidence of nonregistration was presented (the gun bore no serial number or ATF number), any error in the admission of the ATF form was harmless.

## III. SENTENCE

Thornton contends that the court acted beyond its authority in ordering that the sentences imposed run consecutively to the state sentence he was then serving.

Dictum in *United States v. Williams,* 651 F.2d 644 (9th Cir.1981), directly supports that argument. The court there said:

> The Ninth Circuit has concluded that a
> federal judge is powerless to order that a

**516**

federal sentence run concurrently with state confinement. [citations omitted]. This rule would equally seem to preclude a district court from ordering that a federal sentence run consecutively to a state sentence.

651 F.2d at 647 n. 2. The court cited no authority for its statement that a district court may not order a sentence be imposed consecutively to a state sentence.

The rule that a federal court may not order a federal sentence to run concurrently with a state sentence is based on 18 U.S.C. § 3568. *United States v. Myers,* 451 F.2d 402, 404 (9th Cir.1972). That section provides, in part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence....
>
> ....
>
> No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568.

Only the Attorney General has the authority to designate the place of confinement, 18 U.S.C. § 4082, which may or may not be the state institution involved. *Myers,* 451 F.2d at 404 n. 3. The district court is powerless to order concurrency of federal and state sentences (although it may make such a recommendation to the Attorney General), because the federal sentence cannot begin to run until the defendant is received at the institution designated by the Attorney General. *Id.* at 404.

However, these statutes do not limit the court's power to order that a federal sentence not begin until completion of a state sentence. *United States v. Campisi,* 622 F.2d 697, 699 (3d Cir.1980); *Cox v. United States ex rel. Arron,* 551 F.2d 1096, 1098 (7th Cir.1977); *United States v. Lee,* 500 F.2d 586, 587–88 (8th Cir.), *cert. denied,* 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974); *Lavoie v. United States,* 310 F.2d 117, 118 (1st Cir.1962). Such an order does not impermissibly invade the power of the Attorney General to designate the institution for service of the sentence.

In *Hayden v. Warden,* 124 F.2d 514 (9th Cir.1941), this circuit held that the substantially identical predecessor statute to § 3568, Act of June 29, 1932, ch. 310, 47 Stat. 381 (then codified at 18 U.S.C. § 709a) (amended 1948), did *not* bar a trial court's ordering imposition of a federal sentence consecutive to a state sentence. We conclude that § 3568 imposes no such bar.

The district court's order that the sentences run consecutively to the state sentence was within its authority.

The judgment is AFFIRMED.