976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Brian Lee WALDRON, Appellant.
 No. 91-3284.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1992.
 
 Before MIKVA, Chief Judge, and WALD and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was reviewed on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied, after full consideration of the issue presented, that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Defendant Brian Lee Waldron entered a conditional plea of guilty to possession of a firearm by a convicted felon and simple possession of a controlled substance. He was sentenced for those crimes, subject to this appeal from the denial of his motion to suppress evidence taken from him in alleged violation of his Fourth Amendment rights.
 
 
 5
 At the hearing on the suppression motion, the two police officers who apprehended Waldron, Metropolitan Police Department Officers Shieder and Abdalla, described an episode that started with an observation in the vicinity of 14th and W Streets, N.W., and reached a critical point inside a local carry-out shop. According to the police officers, there were approaches toward Waldron in the shop, each officer proceeding from opposite entrances, then consensual conversation between Officer Shieder and Waldron, but no detention until Officer Abdalla saw the barrel of a gun protruding from Waldron's armpit. Abdalla instantly grabbed the gun and placed Waldron under arrest; Shieder immediately searched Waldron, discovering a vial of cocaine in a pocket of Waldron's pants.
 
 
 6
 Waldron described the incident differently. Most critically, he testified to a "stop" by the police officers when the gun was totally hidden from view by his very baggy shirt. Only after the officers twice asked him to put his hands up on the wall, Waldron recounted, was he unable to keep the weapon concealed.
 
 
 7
 Crediting the police officers' testimony and not Waldron's, the district judge determined that a "plain-view search and seizure," and no Fourth Amendment violation, had occurred. See Transcript of Motion to Suppress at 36, 40-41. Alternately, the district judge found "reasonable suspicion" supporting a Terry stop, even on defendant's description of the entire episode. Id. at 41; see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).
 
 
 8
 The record and controlling precedent support the district court's primary, "plain-view search and seizure" ruling. See Horton v. California, 110 S.Ct. 2301, 2308 (1990) (upholding seizure of weapons in plain view where officer "was lawfully located in a place from which [the weapons could] be plainly seen"); Texas v. Brown, 460 U.S. 730, 739 (1983) (police officers who perceive suspicious object while conducting themselves lawfully in a particular place may seize object immediately); United States v. Thornton, 710 F.2d 513, 514-15 (9th Cir.1983) (observation of gun stock). Respecting the district court's basic credibility finding, see United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989) (deference is due to district court fact findings unless clearly erroneous), we do not reach the more problematic alternate ground for the district court's decision.
 
 
 9
 The authorities on which Waldron principally relies, we note, all pertain to the alternate, Terry stop ruling on which we express no opinion; they concern detentions of the kind that, according to the testimony of Officers Shieder and Abdalla, did not occur here. See Reid v. Georgia, 448 U.S. 438 (1980) (seizure impermissible absent reasonable suspicion of criminal activity); Brown v. Texas, 443 U.S. 47 (1979) (holding unconstitutional, as applied, Texas statute making it a crime to refuse to give one's name to a peace officer; police stopped, "frisked," and arrested defendant without any basis for suspecting him of misconduct); United States v. Montgomery, 561 F.2d 875, 878 (D.C.Cir.1977) (police stop of moving vehicle is a "seizure" within meaning of Fourth Amendment). But cf. Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991) (distinguishing from "seizures" that violate Fourth Amendment consensual police-citizen encounters involving questions, examination of identification, and search of luggage).