988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Michael NEYLAND, Defendant-Appellant.
 No. 92-30018.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 1, 1993.*
Decided March 10, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-90-335-RE; James A. Redden, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Michael Neyland appeals his jury conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Neyland contends the district court erred by denying a motion to suppress evidence and by enhancing Neyland's sentence based on three prior "violent felony" convictions pursuant to 18 U.S.C. § 924(e). We affirm.
 
 I.
 
 3
 Neyland does not dispute the district court's finding that "Officer Curl saw what appeared to be a sawed-off rifle or shotgun stock protruding from the gym bag under Neyland's arm." In Oregon, it is generally unlawful to carry a concealed firearm without a license. Or.Rev.Stat. § 166.250. We have previously held that, where police observe an individual in possession of a partially exposed firearm, they have probable cause to believe that the individual is in violation of a state concealed weapon statute. United States v. Thornton, 710 F.2d 513, 515 (9th Cir.1983) (looking to Idaho concealed weapon statute).
 
 
 4
 Under Oregon law, the fact that a firearm's stock is visible does not preclude the existence of probable cause to believe the state's concealed weapon law has been violated. See State v. Riley, 402 P.2d 741, 742-43 (Or.1965); see also Thornton, 710 F.2d at 514-15 (under Idaho law, gun stock in plain view does not preclude probable cause to believe concealed weapon statute has been violated). Thus, the district court did not err in holding that the police acted lawfully in stopping Neyland based on their observation that Neyland appeared to be carrying a firearm. Cf. United States v. Brady, 819 F.2d 884, 889 (9th Cir.1987) (similar analysis under California statutes proscribing concealed weapons in vehicles), cert. denied, 484 U.S. 1068 (1988).
 
 II.
 A.
 
 5
 Neyland also attacks the use of three prior convictions as "violent felon[ies]" for purposes of sentence enhancement pursuant to 18 U.S.C. § 924(e). Neyland's challenges to the use of these convictions are all based on the facts underlying the convictions.[1]
 
 
 6
 Under the formal categorical approach adopted in Taylor v. United States, 495 U.S. 575 (1990), the facts underlying prior convictions are generally irrelevant in assessing whether a prior conviction constitutes a "prior felony" within the meaning of 18 U.S.C. § 924(e). See id. at 599-602; see also United States v. Sweeten, 933 F.2d 765, 768-70 (9th Cir.1991); United States v. Sherbondy, 865 F.2d 996, 1003-10 (9th Cir.1988). Although there is an exception when it is unclear how to categorize a prior conviction under a particular statute, see Taylor, 495 U.S. at 601-02; Sweeten, 933 F.2d at 769-70, Neyland does not dispute that the district court properly categorized his prior convictions based on the statutes defining those offenses. Accordingly, we must reject Neyland's fact-based arguments. In particular, we dismiss as irrelevant Neyland's contention that his prior burglaries and robberies did not involve the use of a weapon. See Taylor, 495 U.S. at 596-98.
 
 B.
 
 7
 Neyland also contends that his sentence of 15 years violates the Eighth Amendment proscription against "cruel and unusual punishments." The proper analysis is set out in United States v. Bland, 961 F.2d 123, 128-29 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). In view of his prior convictions for manslaughter, two burglaries, and two robberies, Neyland's sentence under 18 U.S.C. § 924(e) " 'does not give rise to an inference of gross disproportionality.' " Bland, 961 F.2d at 129 (quoting Harmelin v. Michigan, 111 S.Ct. 2680, 2707 (1991) (Kennedy, J., concurring)); see also United States v. Baker, 850 F.2d 1365, 1372 (9th Cir.1988) (15-year mandatory minimum not violative of Eighth Amendment). Accordingly, we reject Neyland's Eighth Amendment argument.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Apart from his arguments based on underlying facts, Neyland also indicates that one of his prior convictions occurred while he was a juvenile. However, section 924(e)(2)(B) explicitly defines certain juvenile offenses as "violent felon[ies]" for purposes of sentence enhancement. Neyland does not otherwise dispute that his juvenile conviction falls within this definition