990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee ALEXANDER, Defendant-Appellant.
 No. 92-15366.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Lee Alexander, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence imposed after his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a). Alexander contends that the district court erred by refusing to order that his federal sentence run concurrently with his earlier-imposed state sentence. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and affirm.
 
 
 3
 On February 1, 1982, the district court sentenced Alexander to 10 years imprisonment. The judgment of conviction included the following order: "this sentence is to run consecutively to the State sentence that the defendant is presently serving." Alexander finished serving his state sentence in March 1989. On November 19, 1991, he filed his section 2255 motion claiming that the district court lacked authority to impose a consecutive sentence. Relying on United States v. Terrovona, 785 F.2d 767, 770 (9th Cir.) (in pre-Guidelines cases, district court can recommend but cannot order federal sentence to run consecutively to state sentence), cert. denied, 476 U.S. 1186 (1986), and United States v. Williams, 651 F.2d 644, 647 n. 2 (9th Cir.1981) (same), the district court granted the motion in part and amended the judgment of conviction to recommend rather than order the sentences to run consecutively.
 
 
 4
 Alexander contends that because his state sentence had expired, the district court lacked authority even to recommend a consecutive federal sentence in 1991; therefore, the district court should have ordered his immediate release. This contention lacks merit. We recently resolved an intra-circuit conflict and held that in pre-Guidelines cases the district court has authority to order a federal sentence to run consecutively to a state sentence. See United States v. Hardesty, 977 F.2d 1347, 1349 (9th Cir.1992) (en banc) (per curiam), petition for cert. filed, --- U.S.L.W. ---- (U.S. Jan. 20, 1993) (No. 92-7383). Alexander contends that we may not apply Hardesty retroactively to his case because Williams and Terrovona were the law of the circuit when the district court issued its order on February 4, 1992. This contention lacks merit because other Ninth Circuit case law was in accord with Hardesty. See United States v. Thornton, 710 F.2d 513, 516 (9th Cir.1983) (district court has authority to order that a federal sentence not begin until completion of a state sentence).
 
 
 5
 We decline to consider other issues raised for the first time on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3