649 F.Supp.2d 959 (2009)
UNITED STATES of America, Plaintiff,
v.
Cassero Lenell WASHINGTON, Defendant.
No. 3:08-cr-00121JWS.
United States District Court, D. Alaska.
July 23, 2009.
*960 Erin E. White, U.S. Attorney's Office, Anchorage, AK, for Plaintiff.

ORDER FROM CHAMBERS

[Re: Motion at docket 36]
JOHN W. SEDWICK, District Judge.

I. MOTION PRESENTED
At docket 36, defendant Washington moved to suppress evidence obtained from the search of a Chevy Tahoe pursuant to a state search warrant. He argues the warrant application was fatally defective, because it included insufficient information to show probable cause to search the vehicle, and so the officer executing the warrant could not have properly relied upon it. The motion was fully briefed, and Magistrate Judge Longenbaugh heard oral argument. Thereafter, she filed an initial report and recommendation at docket 60 recommending that the motion be denied. Washington filed timely objections at docket 61 to which the government responded at 62. At docket 65, the magistrate judge continues to recommend that the motion be denies.

II. STANDARD OF REVIEW
The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts de novo review of all conclusions of law,[2] and any findings of fact to which objections have been taken.[3] Uncontested *961 findings of fact are reviewed for clear error.[4]

III. DISCUSSION
This court has applied the standard of review set out above. Having done so, this court concludes that the recommended findings of fact are in all respects correct. Furthermore, Judge Longenbaugh's well reasoned discussion and application of the pertinent law is correct. For these reasons, this court adopts her recommended findings of fact and conclusions of law. Based thereon, the motion at docket 36 is DENIED.

INITIAL REPORT AND RECOMMEDATION REGARDING DEFEDANT'S MOTION TO SUPPRESS EVIDENCE DERIVED FROM EECUTION OF SEARCH WARANT 3AN-07-02077 [Doc. 36]
LESLIE LONGENBAUGH, United States Magistrate Judge.

I. MOTION PRESENTED
Defendant Cassero Lenell Washington (hereafter Washington) has been indicted on a charge of Distribution of Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and on a charge of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).
At Docket 36 Washington asks this Court to suppress the evidence seized from a 1996 Chevy Tahoe, Alaska License EMA 871 pursuant to the execution of state search warrant 3AN-07-02077. Washington asserts that the warrant application not only contained too little information to establish probable cause to search the vehicle for the items listed in the warrant, but also was so insufficient that it was unreasonable for the officer to rely on it, and thus the Leon exception would not apply.
At Docket 44 the Government opposes the motion, asserting that the affidavit in support of the warrant contained probable cause and that, regardless, the Leon exception would certainly apply.
The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit. United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1978). Therefore, no evidentiary hearing was requested or required in this matter, but the parties presented oral argument on the motion at a hearing held on June 22, 2009.

II. STATEMENT OF FACTS
The facts are taken solely from the application and affidavit of Anchorage Police Department Officer Earl Ernest supporting search warrant 3 AN-07-02077. (Doc. 37-2). On December 20, 2007, Officer Ernest applied for the state search warrant after stopping a 1996 Chevy Tahoe with Alaska License EMA 871. Officer Ernest pulled over the Chevy Tahoe after observing the vehicle run through a red light. Upon making contact with the male driver, Washington, he noted a strong odor of marijuana coming from the vehicle and from Washington. Officer Ernest discovered the vehicle was registered to a Rosetta Manner and the insurance had expired. Officer Ernest noticed that Washington's eyes were bloodshot and watery. He also noted that Washington's "mental processes were very lethargic" and that his speech was incoherent. He smelled marijuana on Washington's breath, and did not smell alcohol. After conducting field sobriety tests, Officer Ernest arrested Washington for a DUI violation. During a pat search, Officer Ernest discovered two large wads *962 of cash in Washington's pockets. Washington stated that it was approximately $3,500, received from selling things on eBay. Officer Ernest noted that the cash was folded in a manner that he has frequently observed drug dealers use in folding money, and that in his training and experience drug dealers frequently carry large sums of cash and smoke marijuana. Officer Ernest took Washington to the police substation. There, Washington's breath sample indicated a blood alcohol level of .040, and another officer conducted a "DRE evaluation" and concluded that marijuana amplified his impairment by alcohol.
In his application, Officer Ernest stated that he has been a police officer since March 1996 and has investigated hundreds of drug and alcohol offenses. He described the events with the Chevy Tahoe and Washington, and then asked to search the vehicle.
State magistrate Rishko issued the warrant, authorizing the search of the Tahoe for the following items:
 Drugs/drug paraphernalia
 Items tending to show ownership, possession or control of drugs/drug paraphernalia
 Items tending to show ownership, possession or control of the above Chevrolet Tahoe, AK Plate EMA 871
 Money
 Weapons
 Items tending to show ownership, possession or control of the money and/or weapons

III. ANALYSIS

A. Validity of Warrant
Probable cause requires a fair probability that contraband or evidence of crime will be found at a particular location. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause to believe that a suspect has committed a crime is not, however, by itself adequate to obtain a search Warrant. United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir.1991) overruled on other grounds by United States v. Ruiz, 257 F.3d 1030 (9th Cir.2001). The affidavit must demonstrate "reasonable cause to believe that the things listed as the objects of the search are located in the place to be searched." Ramos, 923 F.2d at 1351. Thus, probable cause justifying a search warrant exists if there is a reasonable nexus between the activities supporting probable cause and the location to be searched. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). To find a reasonable nexus, the issuing judge does not need direct evidence that the items sought are in fact on the premises to be searched or are more likely than not on the premises. Instead, the issuing judge must find only that it would be reasonable to look for those items in the place requested. Id. at 1369; United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). Indeed, "probable cause is a fluid conceptturning on the assessment of probabilities in particular factual contextsnot readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232, 103 S.Ct. 2317. "Probable cause does not require specific evidence of every element of an offense." United States v. Thornton, 710 F.2d 513, 515 (9th Cir.1983). "[T]he affidavit need not ... preclude other innocent interpretations" for observed activities. United States v. Taylor, 716 F.2d 701, 705-06 (9th Cir.1983).
A judge considering a warrant application can draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the offense at issue. Terry, 911 F.2d at 275 (citing United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)). Further, *963 "a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." Terry, 911 F.2d at 275 (citations omitted).
A reviewing court will not invalidate a search warrant if the issuing judge had a substantial basis for finding that the supporting affidavit established probable cause. Gates, 462 U.S. at 236, 103 S.Ct. 2317; United States v. Clark, 31 F.3d 831, 835 (9th Cir.1994). The Court must grant "great deference" to the issuing judge's probable cause determination. Gates, 462 U.S. at 236, 103 S.Ct. 2317; Terry, 911 F.2d at 275. See also United States v. Leon, 468 U.S. 897, 915, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ("Deference to the magistrate, however, is not boundless"; it does not preclude inquiry into an affidavit that does not provide a substantial basis for finding probable cause). Based on the Fourth Amendment's strong preference for searches conducted pursuant to warrants, this Court should review the warrant application and the resulting warrant with a commonsense approach and not in a highly technical manner. Gates, 462 U.S. at 236, 103 S.Ct. 2317; United States v. Flores, 679 F.2d 173, 176 (9th Cir.1982). In marginal cases, reviewing courts should favor the validity of the warrant. Terry, 911 F.2d at 275; Flores, 679 F.2d at 176.
In this case, the issuing magistrate had at least a substantial basis for finding that the supporting affidavit established probable cause to search the vehicle for drug evidence. The affidavit sets out how Officer Ernest came to stop the vehicle Washington was driving, how he decided to charge Washington with driving that vehicle while under the influence of drugs, and that he found a large amount of cash on the driver. It informs the issuing court about Officer Ernest's experience with drug cases. While the affidavit does not state explicitly that Officer Ernest believed evidence of drugs would be found in the car, it was a reasonable inference for the issuing court to make based on circumstances described in the warrant application, namely a DUI investigation that involved drug use. Therefore, applying the requisite deferential standard described above, this Court recommends a finding in favor of the warrant's validity.

B. Leon Exception to Exclusionary Rule
Even if the required nexus between the evidence sought and the vehicle were marginal, and even if the warrant lacked probable cause, the United States Supreme Court's ruling in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would bar the use of the exclusionary rule. Under Leon, even if a search warrant is found to be invalid and thus in violation of the Fourth Amendment, the exclusionary rule does not apply to suppress the evidence seized by officers acting in reasonable reliance on that search warrant, if it was issued by a detached and neutral magistrate. Id. at 920-22, 104 S.Ct. 3405. In other words, if the officers relied in good faith on the warrant's validity, courts do not suppress the evidence obtained pursuant to that warrant. Clark, 31 F.3d at 835. "For the good faith reliance exception to apply, the officers must have relied on the search warrant in an objectively reasonable manner." United States v. Crews, 502 F.3d 1130, 1136 (9th Cir.2007). The search is per se unreasonablei.e., Leon's good faith exception does not applyin four circumstances:
(i) where an affiant misleads the issuing magistrate or judge by making a false statement or recklessly disregarding the truth in making a statement; (ii) where the magistrate or judge wholly abandons her judicial role in approving the warrant, acting only as a `rubber stamp' to *964 the warrant application rather than as a neutral and detached official; (iii) where the warrant is facially deficient in detail as to the place to be searched or the things to be found [so] that the officers could not reasonably presume it to be valid; or (iv) where the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith.
Crews, 502 F.3d at 1136 (citing Leon, 468 U.S. at 923-26, 104 S.Ct. 3405). In this case, Washington does not assert that the affiant was misleading, that the judge acted other than neutrally, or that the warrant was imprecise. Instead, he maintains that the application was so lacking in indicia of probable cause that no reasonable officer could rely on it in good faith.
A colorable argument that the search warrant was supported by probable cause is enough to make the officer's reliance on that warrant objectively reasonable and thus in good faith. Crews, 502 F.3d at 1136. While another issuing court might have found the probable cause in the application here marginal, the Court cannot say that the application so lacked indicia of probable cause that Officer Ernest's reliance on it was unreasonable. As explained in the section above, there is clearly a colorable argument that the state warrant in this case was supported by probable cause. Thus, Leon does not support suppression here.

IV. CONCLUSION
Based upon the foregoing analysis, this Court respectfully recommends that Washington's Motion to Suppress Evidence Derived from Execution of Search Warrant 3AN-07-02077 filed at Docket 36 be DNIED.
DATED this 24th day of June, 2009, at Anchorage, Alaska.

FINAL REPORT AND RECOMMEDATION REGARDING DEFEDANT'S MOTION TO SUPPRESS EVIDENCE DERIVED FROM EECUTION OF SEARCH WARANT 3AN-07-02077 [Doc. 36]

I. MOTION PRESENTED
Defendant Cassero Lenell Washington (hereafter Washington) has been indicted on a charge of Distribution of Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and on a charge of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).
At Docket 36 Washington asks this Court to suppress the evidence seized from a 1996 Chevy Tahoe, Alaska License EMA 871 pursuant to the execution of state search warrant 3AN-07-02077. Washington asserts that the warrant application not only contained too little information to establish probable cause to search the vehicle for the items listed in the warrant, but also was so insufficient that it was unreasonable for the officer to rely on it, and thus the Leon exception would not apply.
At Docket 44 the Government opposes the motion, asserting that the affidavit in support of the warrant contained probable cause and that, regardless, the Leon exception would certainly apply.
The validity of a search warrant depends upon the sufficiency of what is found within the four corners of the underlying affidavit. United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir.1978). Therefore, no evidentiary hearing was requested or required in this matter, but the parties presented oral argument on the motion at a hearing held on June 22, 2009.

II. STATEMENT OF FACTS
The facts are taken solely from the application and affidavit of Anchorage Police *965 Department Officer Earl Ernest supporting search warrant 3 AN-07-02077. (Doc. 37-2.) On December 20, 2007, Officer Ernest applied for the state search warrant after stopping a 1996 Chevy Tahoe with Alaska License EMA 871. Officer Ernest pulled over the Chevy Tahoe after observing the vehicle run through a red light. Upon making contact with the male driver, Washington, he noted a strong odor of marijuana coming from the vehicle and from Washington. Officer Ernest discovered the vehicle was registered to a Rosetta Manner and the insurance had expired. Officer Ernest noticed that Washington's eyes were bloodshot and watery. He also noted that Washington's "mental processes were very lethargic" and that his speech was incoherent. He smelled marijuana on Washington's breath, and did not smell alcohol. After conducting field sobriety tests, Officer Ernest arrested Washington for a DUI violation. During a pat search, Officer Ernest discovered two large wads of cash in Washington's pockets. Washington stated that it was approximately $3,500, received the money from selling things on eBay. Officer Ernest noted that the cash was folded in a manner that he has frequently observed drug dealers use in folding money, and that in his training and experience drug dealers frequently carry large sums of cash and smoke marijuana. Officer Ernest took Washington to the police substation. There, Washington's breath sample indicated a blood alcohol level of .040, and another officer conducted a "DRE evaluation" and concluded that marijuana amplified his impairment by alcohol.
In his application, Officer Ernest stated that he has been a police officer since March 1996 and has investigated hundreds of drug and alcohol offenses. He described the events with the Chevy Tahoe and Washington, and then asked to search the vehicle. The application did not mention weapons or draw a connection between drugs and weapons.
State magistrate Rishko issued the warrant, authorizing the search of Tahoe for the following items:
 Drugs/drug paraphernalia
 Items tending to show ownership, possession or control of drugs/drug paraphernalia
 Items tending to show ownership, possession or control of the above Chevrolet Tahoe, AK Plate EMA 871
 Money
 Weapons
 Items tending to show ownership, possession or control of the money and/or weapons

III. ANALYSIS

A. Validity of Warrant
Probable cause requires a fair probability that contraband or evidence of crime will be found at a particular location. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Probable cause to believe that a suspect has committed a crime is not, however, by itself adequate to obtain a search warrant. United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir.1991) overruled on other grounds by United States v. Ruiz, 257 F.3d 1030 (9th Cir.2001). The affidavit must demonstrate "reasonable cause to believe that the things listed as the objects of the search are located in the place to be searched." Ramos, 923 F.2d at 1351. Thus, probable cause justifying a search warrant exists if there is a reasonable nexus between the activities supporting probable cause and the location to be searched. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). To find a reasonable nexus, the issuing judge does not need direct evidence that the items sought are in fact on the premises *966 to be searched or are more likely than not on the premises. Instead, the issuing judge must find only that it would be reasonable to look for those items in the place requested. Id. at 1369; United States v. Terry, 911 F.2d 272, 275 (9th Cir.1990). Indeed, "probable cause is a fluid conceptturning on the assessment of probabilities in particular factual contextsnot readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232, 103 S.Ct. 2317. "Probable cause does not require specific evidence of every element of an offense." United States v. Thornton, 710 F.2d 513, 515 (9th Cir.1983). "[T]he affidavit need not ... preclude other innocent interpretations" for observed activities. United States v. Taylor, 716 F.2d 701, 705-06 (9th Cir. 1983).
A judge considering a warrant application can draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the offense at issue. Terry, 911 F.2d at 275 (citing United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)). Further, "a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found." Terry, 911 F.2d at 275 (citations omitted).
A reviewing court will not invalidate a search warrant if the issuing judge had a substantial basis for finding that the supporting affidavit established probable cause. Gates, 462 U.S. at 236, 103 S.Ct. 2317; United States v. Clark, 31 F.3d 831, 835 (9th Cir.1994). The Court must grant "great deference" to the issuing judge's probable cause determination. Gates, 462 U.S. at 236, 103 S.Ct. 2317; Terry, 911 F.2d at 275. See also United States v. Leon, 468 U.S. 897, 915, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ("Deference to the magistrate, however, is not boundless"; it does not preclude inquiry into an affidavit that does not provide a substantial basis for finding probable cause). Based on the Fourth Amendment's strong preference for searches conducted pursuant to warrants, this Court should review the warrant application and the resulting warrant with a commonsense approach and not in a highly technical manner. Gates, 462 U.S. at 236, 103 S.Ct. 2317; United States v. Flores, 679 F.2d 173, 176 (9th Cir.1982). In marginal cases, reviewing courts should favor the validity of the warrant. Terry, 911 F.2d at 275; Flores, 679 F.2d at 176.
The warrant application in this case did not present enough information to provide probable cause to search the Tahoe for weapons. But the warrant return reflects no weapon seized in the search, so suppression of weapons is not at issue.
Even if the search had produced a weapon, the warrant's overbreadth in allowing a search for weapons does not lead to the conclusion that all items seized must be suppressed. In that event, it would be proper to suppress partial evidence under the doctrine of severance, "which allows a court `to strike from a warrant those portions that are invalid and preserve those portions that satisfy the fourth amendment.' " United States v. Sears, 411 F.3d 1124, 1129 (9th Cir.2005) quoting United States v. Gomez-Soto, 723 F.2d 649, 654 (9th Cir.1984). See also United States v. Tamura, 694 F.2d 591, 597 (9th Cir.1982) (exclusionary rule does not require suppression of evidence within the scope of the warrant simply because other items outside the warrant's scope were seized unlawfully).
As for the items that were seized, the warrant application's description of evidence of registration and expired insurance lends at least a substantial basis for a finding of probable cause to search for documents related to vehicle ownership. Likewise, the issuing magistrate had at *967 least a substantial basis for finding that the supporting affidavit established probable cause to search the vehicle for drug evidence. The affidavit sets out how Officer Ernest came to stop the vehicle Washington was driving, how he decided to charge Washington with driving that vehicle while under the influence of drugs, and that he found a large amount of cash on the driver. It informs the issuing court about Officer Ernest's experience with drug cases. While the affidavit does not state explicitly that Officer Ernest believed evidence of drugs would be found in the car, it was a reasonable inference for the issuing court to make based on circumstances described in the warrant application, namely a DUI investigation that involved drug use. Therefore, applying the requisite deferential standard described above, this Court recommends a finding in favor of the warrant's validity.

B. Leon Exception to Exclusionary Rule
Even if the required nexus between the evidence seized and the vehicle were marginal, and even if the warrant lacked probable cause, the United States Supreme Court's ruling in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), would bar the use of the exclusionary rule. Under Leon, even if a search warrant is found to be invalid and thus in violation of the Fourth Amendment, the exclusionary rule does not apply to suppress the evidence seized by officers acting in reasonable reliance on that search warrant, if it was issued by a detached and neutral magistrate. Id. at 920-22, 104 S.Ct. 3405. In other words, if the officers relied in good faith on the warrant's validity, courts do not suppress the evidence obtained pursuant to that warrant. Clark, 31 F.3d at 835. "For the good faith reliance exception to apply, the officers must have relied on the search warrant in an objectively reasonable manner." United States v. Crews, 502 F.3d 1130, 1136 (9th Cir.2007). The search is per se unreasonablei.e., Leon's good faith exception does not applyin four circumstances:
(i) where an affiant misleads the issuing magistrate or judge by making a false statement or recklessly disregarding the truth in making a statement; (ii) where the magistrate or judge wholly abandons her judicial role in approving the warrant, acting only as a `rubber stamp' to the warrant application rather than as a neutral and detached official; (iii) where the warrant is facially deficient in detail as to the place to be searched or the things to be found [so] that the officers could not reasonably presume it to be valid; or (iv) where the affidavit upon which the warrant is based is so lacking in indicia of probable cause that no reasonable officer could rely upon it in good faith.
Crews, 502 F.3d at 1136 (citing Leon, 468 U.S. at 923-26, 104 S.Ct. 3405). In this case, Washington does not assert that the affiant was misleading, that the judge acted other than neutrally, or that the warrant was imprecise. Instead, he maintains that the application was so lacking in indicia of probable cause that no reasonable officer could rely on it in good faith.
A colorable argument that the search warrant was supported by probable cause is enough to make the officer's reliance on that warrant objectively reasonable and thus in good faith. Crews, 502 F.3d at 1136. While another issuing court might have found the probable cause in the application here marginal, the Court cannot say that the application so lacked indicia of probable cause that Officer Ernest's reliance on it was unreasonable. As explained in the section above, there is clearly a colorable argument that the state warrant in this case was supported by probable *968 cause. Thus, Leon does not support suppression here.

IV. CONCLUSION
Based upon the foregoing analysis, this Court respectfully recommends that Washington's Motion to Suppress Evidence Derived from Execution of Search Warrant 3AN-07-02077 filed at Docket 36 be DNIED.
DATED this 9th day of July, 2009, at Anchorage, Alaska.
NOTES
[1] 28 U.S.C. § 636(b)(1).
[2] Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds by Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996).
[3] 28 U.S.C. § 636(b)(1).
[4] Taberer v. Armstrong World Industries, Inc., 954 F.2d 888, 906 (3d Cir.1992).